J-S31025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELVIN CHARLES HARTMAN | : | |
| | : | |
| Appellant | : | No. 1919 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 1, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004172-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELVIN C. HARTMAN | : | |
| | : | |
| Appellant | : | No. 1924 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 1, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003820-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELVIN C. HARTMAN | : | |
| | : | |
| Appellant | : | No. 1925 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 1, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003803-2019

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 19, 2020**

In this consolidated appeal, Appellant, Melvin Charles Hartman, appeals from the Judgments of Sentence entered November 1, 2019 in the Lancaster County Court of Common Pleas after he entered a negotiated guilty plea at multiple Docket Numbers. Appellant's counsel, J. Alexander Spayd, Esquire, has filed an Application to Withdraw as Counsel and an **Anders**[1] brief. Upon review, we affirm the Judgments of Sentence and grant counsel's Application to Withdraw as Counsel.

A detailed recitation of the underlying factual and procedural history is unnecessary to our disposition. On November 1, 2019, Appellant pleaded guilty to numerous charges at three different Docket Numbers in exchange for an aggregate sentence of time-served to 23 months' incarceration followed by three years of probation, a sentence below the sentencing guidelines.[2] Appellant did not file any post-sentence motions.

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

[2] At Docket Number 3820-2019, Appellant pleaded guilty to Possession of a Controlled Substance and Possession of Drug Paraphernalia. At Docket Number 3803-2019, Appellant pleaded guilty to two counts of Possession of Weapons of Mass Destruction, and one count each of Persons Not to Possess Firearms, Firearms Not to be Carried Without a License, Possession of a Controlled Substance, Possession of Drug Paraphernalia, Resisting Arrest, and Driving Under Suspension. At Docket Number 4172-2019, Appellant pleaded guilty to Possession of Weapons of Mass Destruction, Risking a Catastrophe, Possessing an Instrument of a Crime, Prohibited Offensive Weapons, Recklessly Endangering Another Person, and two counts of Possession of a Controlled Substance. As the trial court explained, despite the numerous charges, "the Commonwealth was willing to offer some sentences in the

This timely appeal followed. The trial court ordered Appellant to file a Pa.R.A.P 1925(b) Statement and on December 13, 2019, Attorney Spayd filed a Statement of Intent to File **Anders**/**McClendon** Brief in Lieu of Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(c)(4). The trial court filed a responsive Pa.R.A.P. 1925(a) Opinion.

On March 9, 2020, Attorney Spayd filed an **Anders** Brief purporting to challenge the validity of Appellant's guilty plea. In addition, counsel has filed an Application for Leave to Withdraw as Counsel. Appellant did not file a Response to counsel's **Anders** Brief.

In order for counsel to withdraw from an appeal, our Supreme Court has determined that counsel must file a brief pursuant to **Anders** that: (1) provides a summary of the procedural history and facts, with citations to the record; (2) refers to anything in the record that counsel believes arguably supports the appeal; (3) sets forth counsel's conclusion that the appeal is frivolous; and (4) states counsel's reasons for concluding that the appeal is frivolous. **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). "Counsel should articulate the relevant facts of record, controlling case law,

---

mitigating range due to the pending suppression motions which were not completely lacking in merit. Likewise, [Appellant] recognized that the reduced negotiated sentence was tied to the allegedly illegal search of his vehicle. Both [Appellant] and his attorney assured the [c]ourt that the guilty plea was being entered for the 'benefit of the bargain,' and that it was 'in the best interest of all parties.'" Trial Ct. Op., filed 1/6/20, at 10 (internal citations omitted).

and/or statutes on point that have led to the conclusion that the appeal is frivolous." ***Id.***

Counsel's brief meets the ***Anders*** requirements. Additionally, counsel confirms that he sent Appellant a copy of the ***Anders*** Brief and Petition to Withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, or to raise any additional points. ***See Commonwealth v. Orellana***, 86 A.3d 877, 880 (Pa. Super. 2014) (describing notice requirements).

Having found counsel's technical compliance with ***Anders***, we will address the substantive issue raised by counsel. In addition, we must conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

It is well-settled that when a defendant enters a guilty plea, that defendant "waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." ***Commonwealth v. Prieto***, 206 A.3d 529, 533-34 (Pa. 2019) (citation and brackets omitted). Instantly, Appellant purports to challenge the validity of his plea. ***Anders*** Br. at 8-10.

"A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." ***Commonwealth v.***

*Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citing Pa.R.Crim.P. 720). Failure to do so results in waiver. *Id.*; *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006).

Here, Appellant did not preserve this challenge at his plea colloquy or thereafter by motion. Accordingly, he has waived any challenge to the voluntariness of his plea.

Appellant has waived the only issue he purports to raise on appeal, which renders pursuing this issue on appeal frivolous. *See Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016) ("An issue that is waived is frivolous."); *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) ("Having been waived, pursuing this matter on direct appeal is frivolous.").

Following our review of the issues purportedly raised by Appellant in counsel's *Anders* Brief, we agree with counsel and conclude that this appeal is wholly frivolous. In addition, following an independent review of the record, we discern no arguably meritorious issues that warrant further consideration. *See Dempster*, *supra* at 272. Accordingly, we grant counsel's Application to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Application to Withdraw as Counsel granted; Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>08/19/2020</u>