J-S15040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAVANCE KIRKSEY | : | |
| | : | |
| Appellant | : | No. 713 WDA 2020 |

Appeal from the PCRA Order Entered June 17, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000998-2017

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: JULY 1, 2021**

Appellant, LaVance Kirksey, appeals from the order of the Court of Common Pleas of Erie County (trial court) that dismissed his first petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing. Counsel for Appellant (PCRA Counsel) has filed an application to withdraw and a brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) concluding that this appeal presents no issues of any arguable merit. After careful review, we grant counsel's application to withdraw and affirm the order dismissing Appellant's PCRA petition.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541-9546.

On January 4, 2017, Appellant was charged with homicide, conspiracy to commit homicide, aggravated assault, reckless endangerment, possession of an instrument of crime, and carrying a firearm without a license, for the shooting death of Jemar Phillips in Erie, Pennsylvania on February 14, 2016. On January 19, 2018, Appellant pled no contest to third-degree murder under a plea agreement in exchange for the Commonwealth reducing the homicide charge to third-degree murder and withdrawing all other charges. N.T. Plea Hearing at 4-7. This plea agreement did not include any agreement as to sentence or sentencing recommendations and Appellant was advised before his plea that he could be sentenced to up to 40 years' incarceration. *Id.* at 2-3, 6-7. Prior to Appellant's plea, Appellant's co-defendant had been tried separately and convicted of first-degree murder. *Id.* at 6. On February 27, 2018, the trial sentenced Appellant to 18 to 36 years' incarceration. N.T. Sentencing at 19.

Appellant filed a motion for reconsideration of sentence, which the trial court denied on March 27, 2018. Appellant filed a timely appeal to this Court in which he challenged his sentence as excessive, unreasonable, and inconsistent with the Sentencing Code. *Commonwealth v. Kirksey*, No. 899 WDA 2018, unpublished memorandum at 4 (Pa. Super. filed February 27, 2019). On February 27, 2019, this Court affirmed the judgment of sentence. Appellant filed a petition for allowance of appeal, which the Pennsylvania

Supreme Court denied on August 14, 2019. ***Commonwealth v. Kirksey***, 217 A.3d 194 (Pa. 2019).

On September 11, 2019, Appellant timely filed a *pro se* PCRA petition in which he alleged ineffective assistance of trial counsel with respect to his no contest plea based on counsel allegedly having previously advised him not to accept a prior plea agreement with a 15 to 30 year prison sentence. PCRA Counsel was appointed and, following review of the record, filed a petition to withdraw and a letter concluding that the ground that Appellant sought to raise in his PCRA petition had no merit because the record established that his no contest plea was knowing and voluntary. Appellant filed a *pro se* objection to PCRA Counsel's letter and petition to withdraw in which he asserted that also wished to assert three challenges to his sentence. On December 23, 2019, the trial court ordered PCRA Counsel to file an amended PCRA petition on Appellant's behalf that included the additional issues that Appellant sought to raise and to address those issues. On January 22, 2020, PCRA Counsel filed an amended PCRA petition in compliance with the trial court's order and a new no-merit letter addressing the issues in both Appellant's original and amended PCRA petitions. Appellant again filed a *pro se* objection to this no-merit letter.

On May 18, 2020, the trial court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's PCRA petition without a hearing. Appellant filed no response to the Rule 907 notice and the trial court, on June

17, 2020, dismissed Appellant's PCRA petition. The trial court did not grant PCRA Counsel's petition to withdraw. Appellant timely appealed the June 17, 2020 order dismissing his PCRA petition.

PCRA Counsel has filed and served on Appellant an application to withdraw and a "*Finley* Brief" in which he analyzed the issues that Appellant sought to raise and concluded that they were without merit. PCRA Counsel has also sent Appellant a letter advising Appellant of his rights to proceed *pro se* or with privately retained counsel and to raise any additional points that he deems worthy of the court's attention. Appellant has filed a response, in which he argues that PCRA Counsel failed to address his sentencing claims. The Commonwealth has filed a brief in support of the trial court's order.

Before this Court can consider the merits of this appeal, we must first determine whether counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted in a PCRA appeal. *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016); *Commonwealth v. Freeland,* 106 A.3d 768, 774 (Pa. Super. 2014); *Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012). To withdraw from representing a PCRA petitioner in a collateral attack on his criminal conviction, counsel must file a no-merit letter, send the petitioner copies of the application to withdraw and no-merit letter, and advise petitioner of his right to proceed *pro se* or with a privately retained attorney. *Walters*, 135 A.3d at 591; *Freeland,* 106 A.3d at 774-75; *Doty*, 48 A.3d at 454. The no-

merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009); **Turner**, 544 A.2d at 928-29; **Commonwealth v. Widgins**, 29 A.3d 816, 817-18 (Pa. Super. 2011). If counsel has satisfied the above requirements, this Court must then conduct its own review of the record and render an independent judgment as to whether the appeal is without merit. **Walters**, 135 A.3d at 591; **Doty**, 48 A.3d at 454.

Here, counsel provided Appellant a copy of the no-merit brief and the application to withdraw and sent Appellant a letter advising him of his right either to retain new counsel or proceed *pro se*. Although counsel here filed a no-merit brief, rather than a no-merit letter, that can satisfy counsel's obligations, provided that the brief contains all the information that must be included in a no-merit letter. **Widgins**, 29 A.3d at 817 n.2. We conclude that it does. Counsel's brief discusses both the plea and sentencing issues that Appellant has sought to raise and explains why all of these issues lack merit. We therefore conduct our own review and independently determine whether these issues are without merit.

We review the dismissal of a PCRA petition to determine whether the record supports the PCRA court's determination and whether its decision is free of legal error. **Commonwealth v. Pier**, 182 A.3d 476, 478 (Pa. Super.

2018); ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012). The only claims that Appellant sought to assert in his PCRA petition are claims that trial counsel was ineffective in his advice with respect to plea negotiations and claims concerning his sentence. We conclude that the trial court did not err in holding that none of these claims could support PCRA relief.

Appellant pled no contest to the charge of third-degree murder. In terms of its effect in this case, a plea of no contest is treated the same as a guilty plea. ***Commonwealth v. Prieto***, 206 A.3d 529, 533 (Pa. Super. 2019); ***Commonwealth v. Jabbie***, 200 A.3d 500, 505 (Pa. Super. 2018); ***Pier***, 182 A.3d at 478 n.3. Such a plea waives all claims other than challenges to the jurisdiction of the court, the validity of the plea, and the sentence imposed. ***Prieto***, 206 A.3d at 533-34; ***Jabbie***, 200 A.3d at 505. Ineffective assistance of counsel in connection with a guilty plea or no contest plea will thus constitute a ground for PCRA relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. ***Pier***, 182 A.3d at 478 & n.3; ***Wah***, 42 A.3d at 338; ***Commonwealth v. Allen***, 833 A.2d 800, 802 (Pa. Super. 2003).

Appellant's only claim of ineffectiveness of counsel with respect to his conviction is the contention that trial counsel allegedly misadvised him to reject an earlier plea offer, not that trial counsel was ineffective in advising him with respect to his no contest plea or that trial counsel's ineffectiveness

caused his no contest plea to be unknowing or involuntary. Moreover, the record is clear that Appellant's plea was knowing and voluntary.

To establish that a plea of guilty or no contest is knowing and voluntary, the plea colloquy must ascertain the factual basis for the plea, and that the defendant understands the nature of the charges to which he is pleading guilty or no contest, his right to a jury trial, the presumption of innocence, the sentencing ranges for the charges, and the plea court's power to deviate from any recommended sentence. **Jabbie**, 200 A.3d at 506; **Commonwealth v. Reid**, 117 A.3d 777, 782 (Pa. Super. 2015); **Commonwealth v. Morrison**, 878 A.2d 102, 107 (Pa. Super. 2005) (*en banc*); Comment to Pa.R.Crim.P. 590(A)(2). These matters may also be shown by a written plea colloquy read and signed by the defendant and made part of the record when supplemented by an oral, on-the-record examination. **Reid**, 117 A.3d at 782; **Morrison**, 878 A.2d at 108-09; Comment to Pa.R.Crim.P. 590(A)(2).

All of those requirements were satisfied here. At the plea hearing and in the written plea colloquy that he signed, Appellant was advised that he was presumed innocent and had a right to a jury trial and confirmed that he understood those rights and was giving them up in his plea. N.T. Plea Hearing at 2, 6; Defendant's Statement of Understanding of Rights. The factual basis and elements of the third-degree murder charge were set forth and Appellant acknowledged that he understood the nature of the third-degree murder charge to which he was pleading no contest. N.T. Plea Hearing at 4-5;

Defendant's Statement of Understanding of Rights. Appellant was advised that while the no contest plea did not admit guilt, it had the same effect with respect to punishment as a guilty plea and testified that he understood the effect of his plea. N.T. Plea Hearing at 4-6. Appellant testified that he understood that he could be sentenced to as much as 40 years in prison, a longer sentence than he received, and it was made clear at the plea hearing that there was no agreement by the Commonwealth to recommend any lesser sentence. *Id.* at 2-3, 6-7. Appellant further testified that while he did not admit that he committed the crime, he understood the evidence against him and wished to plead no contest to third-degree murder in light of that evidence. *Id.* at 5-6.

Appellant's PCRA claims concerning his sentence are likewise without merit. PCRA relief cannot be granted on the basis of any claim that the defendant has previously litigated on direct appeal. 42 Pa.C.S. §§ 9543(a)(3), 9544(a)(2); *Commonwealth v. Spotz*, 47 A.3d 63, 101 (Pa. 2012); *Commonwealth v. Miller*, 212 A.3d 1114, 1130-31 (Pa. Super. 2019).

The three claims that Appellant has asserted in his PCRA concerning his sentence are all claims that his 18-to-40-year sentence is unreasonable and excessive. That is precisely the issue that Appellant raised and argued on direct appeal. *Kirksey*, No. 899 WDA 2018, unpublished memorandum at 4. Moreover, the bases asserted in Appellant's PCRA petition for his claims that the sentence was unreasonable and excessive were considered and rejected

by this Court in Appellant's direct appeal. Appellant asserted in his PCRA petition that the sentence was unreasonable and excessive because statements by the judge at sentencing allegedly show that he was biased, because the judge did not properly consider the sentencing guidelines, and because the sentence was inconsistent with the Sentencing Code. In ruling on Appellant's direct appeal, this Court examined the trial court's application of the sentencing guidelines and its consideration of the standards set forth in the Sentencing Code. *Id.* at 6-10. In addition, this Court, in concluding that Appellant's sentence was not excessive or unreasonable, specifically quoted and considered the statements made by the judge at sentencing that Appellant contends show bias. *Id.* at 7-9.

Because the record establishes that Appellant's no contest plea was knowing and voluntary and his sentencing claims were previously litigated in his direct appeal, the trial court properly concluded that none of Appellant's PCRA claims had merit. We therefore affirm the trial court's dismissal of Appellant's PCRA petition.

Order affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/1/2021

- 9 -