J-S24042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN DENNIS SCOTT, JR. | : | |
| | : | |
| Appellant | : | No. 1242 WDA 2020 |

Appeal from the Judgment of Sentence Entered September 21, 2020
In the Court of Common Pleas of Somerset County Criminal Division at
No(s): CP-56-CR-0001024-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN DENNIS SCOTT JR. | : | |
| | : | |
| Appellant | : | No. 1243 WDA 2020 |

Appeal from the Judgment of Sentence Entered September 21, 2020
In the Court of Common Pleas of Somerset County Criminal Division at
No(s): CP-56-CR-0000585-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN DENNIS SCOTT, JR. | : | |
| | : | |
| Appellant | : | No. 1244 WDA 2020 |

Appeal from the Judgment of Sentence Entered September 21, 2020
In the Court of Common Pleas of Somerset County Criminal Division at
No(s): CP-56-CR-0000584-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-S24042-21

Appeal from the Judgment of Sentence Entered September 21, 2020
In the Court of Common Pleas of Somerset County Criminal Division at
No(s):  CP-56-CR-0000230-2019

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED:  August 4, 2021**

Appellant John Dennis Scott, Jr., appeals from the Judgment of

Sentence entered in the Court of Common Pleas of Somerset County on

September 21, 2020, following a guilty plea.  We affirm.

The trial court set forth relevant the facts and procedural history herein

as follows:

On July 8, 2020, [Appellant] entered a guilty plea in case
230 Criminal 2019 to one count of possession, 35 P.S. § 780-
113(A)(16); in case 584 Criminal 2019 to one count of possession
with intent to deliver, 35 P.S. § 780-113(A)(30) and one count of
DUI third offense, 75 Pa.C.S. § 3802(a)(1); in case 585 Criminal
2019 to one count of possession, 35 P.S. § 780-113(A)(16), and
one count of DUI first offense, 75 Pa.C.S. § 3802(a)(1); and in
case 1024 Criminal 2019 to one count of DUI second offense, 75
Pa.C.S. § 3802(a)(1). [Appellant] was sentenced on September
21, 2020, to six months to one year incarceration in case 230
Criminal 2019; to three to six years['] incarceration for possession
with intent to distribute, and one to two years['] incarceration for
DUI third offense in case 584 Criminal 2019; to three to six
months incarceration for DUI first offense and six months to one
year for possession in case 585 Criminal 2019; and three to six
months['] incarceration in case 1024 Criminal 2019, resulting in

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

an aggregate sentence of three to six years['] incarceration. The sentences fall within the standard range of Sentencing Guidelines, and the lengthy period of incarceration is warranted due to the seriousness of the offenses. Sent. of Ct., Sept. 21, 2020, at 5.

On October 1, 2020, [Appellant] filed post-sentence motions requesting reduced sentencing and county intermediate punishment, which were both denied on November 2, 2020. [Appellant] filed a Notice of Appeal on November 16, 2020. On November 24, 2020, this [c]ourt ordered [Appellant] to file a Concise Statement of Matters Complained of on Appeal, with which [Appellant] complied on December 15, 2020.

Trial Court Opinion, filed 3/9/21, at 1-2.[1]

In his brief, Appellant presents the following question for this Court's review:

Whether the [t]rial [c]ourt abused its discretion in denying Appellant's Post Sentence Motion requesting a reduced sentence, county intermediate punishment, and challenging the discretionary aspects of the aggregate sentence imposed?

Brief for Appellant at 6 (unnumbered).

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

---

[1]In compliance with the mandates of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), counsel for Appellant has filed a separate notice of appeal for each of the lower court docket numbers. By *Per Curiam* Order entered on December 9, 2020, this Court consolidated the four appeals *sua sponte*.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015) (citation omitted).

In his Pa.R.A.P. 2119(f) statement, Appellant asserts his aggregate sentence of three to six years is "unduly harsh" in light of the following circumstances of his case:

(1) Appellant's challenge of his prior record score;
(2) The substantial time it had been since Appellant committed an offense to the time of the current offenses;
(3) Appellant's successful completion of drug and alcohol inpatient treatment and continued participation in outpatient drug and alcohol treatment;
(4) Appellant's employment; and
(5) Other positive steps Appellant has taken in his life.

Brief for Appellant at 7 (unnumbered). The crux of Appellant's argument in support of these allegations is as follows:

Appellant contends that his sentence is manifestly excessive given the discrepancy regarding his prior record score, the substantial time that had elapsed since his last criminal conduct, the successful completion of inpatient drug and alcohol counseling as well as the continued outpatient treatment, Appellant's employment history, and several positive steps Appellant has taken in his life since these incidents. Appellant contends that the [t]rial [c]ourt improperly ignored the above mitigating factors in constructing a sentence that is manifestly excessive given the totality of the circumstances and mitigating factors set forth by Appellant and trial counsel.

Brief for Appellant at 9 (unnumbered).

Generally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." *Commonwealth v. Prieto*, 206 A.3d 529, 533-34 (Pa.Super.

2019). However, "while a guilty plea which includes sentence negotiation ordinarily precludes a defendant from contesting the validity of his... sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, open plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id*. at 363 n.1. Herein, Appellant's guilty plea did not include a negotiated sentence.

Appellant correctly characterizes his claim as a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing). Notwithstanding, challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. Pa.R.A.P. 2119(f); *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912-13. A claim of excessiveness can raise a

substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. ***Mouzon, supra*** at 430, 812 A.2d at 624. However, bald allegations of excessiveness do not raise a substantial question to warrant appellate review. ***Id.*** at 435, 812 A.2d at 627.

Instantly, Appellant raised his sentencing issues in a post-sentence motion, filed a timely notice of appeal, and as previously stated, included the requisite concise statement pursuant to Rule 2119(f) in his appellate brief. However, Appellant nowhere argues that his sentence violates either a specific provision of the sentencing code or any fundamental norm underlying the sentencing process. Instead, Appellant makes bald allegations of excessiveness. These general statements do not raise a substantial question warranting our review. ***See Mouzon, supra; see also Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa.Super. 2010) (stating "allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question.").

This Court has held, however, that an excessive sentence claim presented in conjunction with an assertion that the trial court failed to consider mitigating factors raises a substantial question. ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa.Super. 2014) To the extent Appellant's underdeveloped argument may be deemed to have raised a substantial question in this regard, he is not entitled to relief. Appellant's single-

paragraph argument is completely devoid of caselaw in support of the conclusory statements he raises therein.

Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure provides that an appellant's "argument shall be divided into as many parts as there are questions to be argued[.]" Pa.R.A.P. 2119(a). Additionally, each issue must be supported by discussion and analysis of pertinent authority. *Id.* An appellant's failure to adhere to these rules may result in waiver. *See Commonwealth v. Murchinson*, 899 A.2d 1159, 1160 (Pa.Super. 2006) (finding the appellant's claims waived under Rule 2119(a) because he did not develop meaningful argument with specific references to relevant case law and to the record to support his claims); *see also Commonwealth v. Heilman*, 867 A.2d 542, 546 (Pa.Super. 2005) (recognizing that an appellant's failure to provide "such discussion and citation of authorities as are deemed pertinent" may result in waiver); *Commonwealth v. Cornelius*, 856 A.2d 62, 77 (Pa.Super. 2004) (declining to review the appellant's claim where there was limited explanation and development of the argument).

Moreover, the trial court had the benefit of a pre-sentence investigation (PSI) report and indicated in its Pa.R.A.P. 1925(a) Opinion that it had weighed Appellant's potential mitigating factors, his prior criminal record, and the seriousness of his offenses before fashioning its standard-range sentence. Trial Court Opinion, filed 3/9/21, at 3. This Court has made clear that where a PSI report exists, we shall continue to presume that the sentencing judge

was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. ***Commonwealth v. Watson***, 228 A.3d 928, 936 (Pa. Super. 2020)

Appellant has failed to show the trial court abused its discretion. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of Sentence Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2021