J-S34006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
DERRICK LORENZO BUTLER   :
  :
Appellant   :   No. 542 MDA 2021

Appeal from the Judgment of Sentence Entered October 15, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000523-2018

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:          **FILED FEBRUARY 16, 2022**

Appellant, Derick Lorenzo Butler, appeals from the Judgment of Sentence entered on October 15, 2019, after he entered a negotiated guilty plea to Third-Degree Murder and Possession of Firearm Prohibited.  Appellant's counsel, William M. Shreve, Esquire, has filed a Petition Withdraw as Counsel and an **Anders**[1] Brief, to which Appellant has filed a *pro se* response.  Upon review, we affirm Appellant's Judgment of Sentence and grant counsel's request to withdraw.

**Procedural and Factual History**

A detailed recitation of the underlying procedural and factual history is unnecessary to our disposition.  On October 15, 2019, Appellant pleaded guilty to the above charges in exchange for an aggregate sentence of twenty-five to

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

fifty years' incarceration for the shooting death of JahSun Patton during a holiday gathering at an acquaintance's apartment. Appellant's plea counsel did not file post-sentence motions or a direct appeal.

On March 29, 2021, the trial court reinstated Appellant's appellate rights *nunc pro tunc*.[2] This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On September 3, 2021, Attorney Shreve filed an **Anders** Brief indicating Appellant wished to challenge the admission of hearsay evidence at the preliminary hearing and the validity of Appellant's guilty plea. In addition, Attorney Shreve has filed a petition to withdraw as counsel. Appellant filed a response, which avers that plea counsel was ineffective and, in turn, challenges the validity of his plea due to counsel's ineffectiveness.

**_Anders_ Requirements**

When counsel files an **Anders** Brief, and the appellant files a *pro se* or counseled response, this Court will first determine whether counsel has complied with the dictates of **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). **See Commonwealth v. Bennett**, 124 A.3d 327, 333 (Pa. Super. 2015) (outlining the proper procedure where counsel files an

---

[2] On July 22, 2020, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, alleging ineffective assistance of counsel and a violation of his constitutional rights. On July 22, 2020, court-appointed counsel filed a "Motion to Reinstate Rights Under the PCRA." The PCRA court scheduled a hearing, where the Commonwealth did not oppose counsel's request to reinstate Appellant's direct appeal rights *nunc pro tunc.*

- 2 -

***Anders*** Brief and the appellant files a *pro se* response). If counsel has complied with ***Anders*** and ***Santiago***, we address the issues raised in the ***Anders*** Brief. ***Bennett***, 124 A.3d at 333. If we determine that those issues are without merit, we examine the allegations Appellant raised in his *pro se* reply. ***Id.*** We treat this filing as an advocate's brief and review it "as we do any advocate's brief." ***Id.*** We are mindful that this Court is limited to examining only those issues raised and developed in the *pro se* reply. ***Id.*** "We do not act as, and are forbidden from acting as, appellant's counsel." ***Id.***

In order for counsel to withdraw from an appeal, our Supreme Court has determined that counsel must file a brief pursuant to ***Anders*** that: (1) provides a summary of the procedural history and facts, with citations to the record; (2) refers to anything in the record that counsel believes arguably supports the appeal; (3) sets forth counsel's conclusion that the appeal is frivolous; and (4) states counsel's reasons for concluding that the appeal is frivolous. ***Santiago***, 978 A.2d at 361. "Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." ***Id.***

Counsel's brief meets the ***Anders*** requirements. Additionally, counsel confirms that he sent Appellant a copy of the ***Anders*** Brief and petition to withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, or to raise any additional points. ***See Commonwealth v. Orellana***, 86 A.3d 877, 880 (Pa. Super. 2014) (describing notice requirements).

Having confirmed counsel's compliance with the above requirements, we turn to the issues counsel raised in his ***Anders*** Brief. We will then address Appellant's response to counsel's ***Anders*** Brief.

**Issues Raised in *Anders* Brief**

In his ***Anders*** Brief, counsel purports to challenge the admission of hearsay evidence at the preliminary hearing and the validity of Appellant's guilty plea. Anders Br. at 8. Appellant failed to preserve either of these claims for our review.

It is well-settled that when a defendant enters a guilty plea, that defendant "waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." ***Commonwealth v. Prieto***, 206 A.3d 529, 533-34 (Pa. 2019) (citation and brackets omitted). Moreover, in order to preserve a challenge to the validity of the guilty plea, an appellant must either object during the plea colloquy, at the sentencing hearing, or through post-sentence motions. ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 468-469 (Pa. Super. 2017). Failure to do so results in waiver. ***Monjaras-Amaya***, 163 A.3d at 469; ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Here, Appellant did not preserve a challenge to the validity of his guilty plea because he failed to raise such a challenge at his plea colloquy, sentencing, or thereafter by motion. Likewise, when Appellant entered his

- 4 -

guilty plea, he waived his right to challenge the admission of hearsay evidence at his preliminary hearing.

Since Appellant waived the issues he challenges on appeal, we agree with counsel that this appeal is frivolous. *See Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016) ("An issue that is waived is frivolous."); *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) ("Having been waived, pursuing this matter on direct appeal is frivolous.").

**Issues Raised in Appellant's *Pro Se* Response**

Appellant filed a *pro se* response to counsel's **Anders** Brief.[3] As stated above, our case law dictates that we treat this reply as an advocate's brief. **Bennett**, 124 A.3d at 333. In his response, Appellant avers that plea counsel was ineffective for failing to file a "petition for writ of *habeas corpus*" challenging the admission of hearsay at his preliminary hearing and for failing to file a petition to withdraw his guilty plea. Appellant's Reply, filed 9/17/21, at 2-6. Appellant also contends that his plea was involuntary because counsel did not explain "what a consecutive sentence was" or the consequences of pleading guilty while on probation. ***Id.***

_____

[3] Although this Court would typically conduct an independent review of the record for arguably meritorious issues that counsel missed or misstated, **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*), as stated above, when a defendant files a response to an **Anders** Brief, "[this] Court is limited to examining only those issues raised and developed in the [response; w]e do not act as, and are forbidden from acting as, appellant's counsel." **Bennett**, 124 A.3d at 333.

Generally, an allegation of ineffective assistance of counsel may not be considered on direct review. ***Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013). Instead, a defendant must defer claims of ineffective assistance of counsel to PCRA review, unless: (1) the claim of ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration serves the interest of justice, or (2) there is good cause shown and the defendant has given a knowing and express waiver of his right to seek subsequent PCRA review. ***Id.*** at 563-64.

In light of the foregoing case law, and because none of the exceptional circumstances permitting review of an ineffective assistance of counsel claim on direct appeal are present, we dismiss Appellant's ineffective assistance of counsel claim without prejudice to his ability to raise it on collateral review.

## Conclusion

Following our review of the issues raised in counsel's ***Anders*** Brief, we agree with counsel and conclude that this appeal is wholly frivolous. In addition, Appellant failed to present any issues of merit in his response. Accordingly, we grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

Petition to Withdraw as Counsel granted; Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/16/2022</u>