J-S04031-19

2019 PA Super 79

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN BERMUDES PRIETO | : | |
| | : | |
| Appellant | : | No. 512 MDA 2018 |

Appeal from the Judgment of Sentence January 8, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001356-2017

BEFORE: SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.: **FILED MARCH 18, 2019**

Appellant, Juan Bermudes Prieto, appeals from the judgment of

sentence entered in the Court of Common Pleas of Luzerne County following

his plea of *nolo contendere* to three counts of possession of child pornography,

18 Pa.C.S.A. § 6312(d). Additionally, Appellant's counsel has filed a petition

seeking to withdraw his representation, as well as a brief pursuant to ***Anders***

***v. California***, 386 U.S. 738, 87 S.Ct. 1396 (1967), and ***Commonwealth v.***

***Santiago***, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "***Anders*** brief").

After a careful review, we grant counsel's petition to withdraw and affirm

Appellant's judgment of sentence.

The relevant facts and procedural history are as follows: On February

18, 2017, following an incident at Luigi's Pizza in Mountain Top, Pennsylvania,

the police discovered Appellant in possession of "[t]hree digital images or

videos of a child or children under the age of 18 years old engaging in sexual

_____

* Former Justice specially assigned to the Superior Court.

activities or a simulation of sexual activities." N.T., 10/11/17, at 5. Accordingly, Appellant was arrested, and the Commonwealth filed a twenty-two count criminal complaint against Appellant.

On October 11, 2017, Appellant, who was represented by counsel, proceeded to a hearing before the Honorable David W. Lupas, and he entered a negotiated plea of *nolo contendere* to the charges indicated *supra*. With regard to the plea agreement, the Commonwealth informed the trial court:

> Unless otherwise stated, the parties have not made any agreement as to sentencing. [Appellant] must pay costs and the Commonwealth moves to withdraw the remaining charges.
>
> The Commonwealth agrees to a sentence of two to four years. [Appellant] waives the 90 days for the Sexual Offender's Assessment Board [("SOAB")] evaluation. [Appellant] must register pursuant to the Adam Walsh Act [(SORNA)[1]]. [Appellant]

---

[1] The Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41, was enacted on December 20, 2011, and became effective on December 20, 2012. Effective February 21, 2018, the legislature enacted Act 10, which added a new subchapter to SORNA, "Continued Registration of Sexual Offenders." 42 Pa.C.S.A. §§ 9799.51-9799.75. The stated purpose of Act 10 was, *inter alia*, to address **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017). Act 29 of 2018 reenacted Act 10, effective June 12, 2018.

In the case *sub judice*, Appellant committed his crimes, entered his plea, and was sentenced prior to the 2018 amendments. He has presented no claims regarding the possible retroactive application of the legislature's new amendments, and there is no indication the Pennsylvania State Police have attempted to classify Appellant under the new legislation. Thus, as the trial court properly discerned in the first instance, the amended legislation is not "pertinent to this matter[.]" Trial Court Opinion, filed 10/24/18, at 2 n.1. **See Commonwealth v. Fernandez**, 195 A.3d 299 (Pa.Super. 2018) (*en banc*) (holding possible retroactive application of legislature's new amendments to SORNA was not properly before this Court where there was no indication the appellants were classified thereunder).

is to have no contact with the following parties: victims, minors, schools, school zones, school activities, public parks, pools or playgrounds. And it should be noted that as indicated on the plea [agreement] [Appellant] is not a United States Citizen.

*Id.* at 3 (footnote added).

Defense counsel informed the trial court that Appellant is a citizen of Mexico[2] and "there is an ICE[3] detainer on [Appellant]. [T]he agreed-upon sentence would be within the standard range of the guidelines." *Id.* (footnote added). The trial court accepted the plea, informed Appellant that he would face immigration consequences, including deportation, in connection with his plea, and scheduled sentencing for a separate date. *Id.* at 3-4. The trial court ordered a presentence investigation report ("PSI") and directed Appellant to undergo a SOAB evaluation. *Id.* at 8.

On January 8, 2018, Appellant, represented by counsel, appeared for a sentencing hearing at which the trial court indicated "[Appellant] was evaluated by [SOAB]. The court is in receipt of their report, which indicates he is not deemed a sexually violent predator. And there was a PSI completed." N.T., 1/8/18, at 2. The trial court then imposed sentence in accordance with the parties' plea agreement, thus sentencing Appellant to an aggregate of two years to four years in prison. *Id.* at 4-5. The trial court gave Appellant credit

_____

[2] The trial court provided Appellant with an interpreter for all court proceedings.

[3] "ICE" refers to the United States Department of Immigration and Customs Enforcement.

- 3 -

for time served and directed Appellant to register pursuant to SORNA for fifteen years. *Id.* at 5. The Commonwealth advised Appellant that his conviction was a Tier I offense under SORNA and provided Appellant with a detailed description of his SORNA reporting requirements. *Id.* at 5-8.

On January 11, 2018, Appellant filed a timely, counseled post-sentence motion, which the trial court denied. This timely, counseled appeal followed, and all Pa.R.A.P. 1925 requirements have been met. On December 10, 2018, counsel filed in this Court a petition seeking to withdraw his representation, as well as an *Anders* brief. Appellant filed no further submissions either *pro se* or through privately-retained counsel.

Prior to addressing any issue raised on appeal, we must first resolve counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in *Santiago* stated that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 602 Pa. at 178-79, 978 A.2d at 361. Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007).

Herein, counsel contemporaneously filed his petition to withdraw as counsel and *Anders* brief. In his petition, counsel states that after a thorough and conscientious examination of the record he has determined that an appeal herein is wholly frivolous. Additionally, in accordance with *Nischan*, counsel has mailed Appellant a copy of the *Anders* brief and a letter informing him that: (1) he has the right to retain new counsel; (2) he may proceed further with his case *pro se;* and (3) he may raise any points that he deems worthy of the this Court's attention. Counsel attached his conforming correspondence

to his petition to withdraw. **See Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005).

In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case, refers to evidence of record that might arguably support the issues raised on appeal, provides citations to relevant case law, and states his reasoning and conclusion that the appeal is wholly frivolous. Accordingly, counsel has substantially complied with all of the technical requirements of **Anders** and **Santiago**. Therefore, we proceed to examine the issues counsel identified in the **Anders** brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*) (quotation omitted).

In the **Anders** brief, counsel raises the following issues (verbatim):

I.      Whether SORNA is unconstitutional.

II.     Whether SORNA violates the Separation of Powers clause.

III.    Do the requirements under SORNA violate the Eighth Amendment[?]

IV.     Do the registration requirements under SORNA constitute an illegal sentence[?]

**Anders** Brief at 1.

At the outset, we note that "in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." **Commonwealth v. V.G.**, 9 A.3d 222, 226 (Pa.Super. 2010) (citation omitted). Generally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than

those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" **Commonwealth v. Eisenberg**, 626 Pa. 512, 98 A.3d 1268, 1275 (2014) (citation omitted).

In the case *sub judice*, Appellant's claims present a challenge to the legality of his sentence. **See Commonwealth v. Dixon**, 161 A.3d 949, 951 (Pa.Super. 2017) ("If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.") (citation omitted)). "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Cardwell**, 105 A.3d 748, 750 (Pa.Super. 2014) (brackets and ellipses omitted).

In his first issue, Appellant contends SORNA is unconstitutional as applied to him pursuant to **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348 (2000), and **Alleyne v. United States**, 570 U.S. 99, 133 S.Ct. 2151 (2013). Specifically, he asserts that, in determining his sexually violent predator ("SVP") status under SORNA, necessary fact-based determinations were made by the trial judge rather than a jury without the necessity of requiring proof beyond a reasonable doubt.

On July 17, 2017, the Pennsylvania Supreme Court held in **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), that SORNA's registration provisions constitute punishment, and, therefore, the

retroactive application of those provisions violates the *ex post facto* clauses of the federal and Pennsylvania constitutions.[4] Thereafter, on October 31, 2017, a panel of this Court, in ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa.Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018), recognized that "***Muniz*** was a sea change in the longstanding law of this Commonwealth as it determined that the registration requirements under SORNA are not civil in nature but a criminal punishment." ***Id.*** at 1215. As such, the panel concluded the statutory mechanism for designating a defendant as a SVP set forth in 42 Pa.C.S.A. § 9799.24(e)(3), which permits a trial court to make the determination based upon clear and convincing evidence, was "constitutionally flawed" pursuant to the United States Supreme Court's decisions in ***Alleyne***, ***supra***, and ***Apprendi***, ***supra***. Accordingly, the ***Butler*** panel held: "[T]rial courts cannot designate convicted defendants SVPs or hold SVP hearings until our General Assembly enacts a constitutional designation mechanism." ***Butler***, 173 A.3d at 1218. Therefore, the ***Butler*** panel vacated the order designating the defendant as an SVP, and remanded the case to the trial court

---

[4] We note that Appellant's sentence is not illegal in light of ***Muniz***, for therein our Supreme Court held that the retroactive application of SORNA's registration provisions to defendants whose crimes occurred prior to SORNA's effective date (December 20, 2012) violated the *ex post facto* clause of the Pennsylvania Constitution. Here, Appellant's crimes occurred in 2017, and there was otherwise no retroactive application of SORNA. **See** ***Commonwealth v. Luciani***, ___ A.3d ___, 2018 WL 6729854 (Pa.Super. filed 12/24/18).

to determine his proper registration period pursuant to 42 Pa.C.S.A. §§ 9799.14 and 9799.15. ***See id.***

In the case *sub judice*, in rejecting Appellant's first claim, the trial court indicated the following:

> Here, the SOAB's assessment of [Appellant] did **not** lead it to conclude that [Appellant] should be deemed a [SVP]. [T]hus, [the] court did not conduct a hearing pursuant to Section 9799.24(e)(3), [Appellant] was not deemed a [SVP], and [Appellant] did not receive an enhanced sentence based on an SVP designation. [Rather,] pursuant to Section 9799.14(b), [Appellant] was classified a Tier I offender related to his underlying conviction for violating 18 Pa.C.S.A. § 6312(d). As such, he was subject to a 15 year registration period pursuant to Section 9799.15(a)(1). [Accordingly,] [Appellant] did not receive an enhanced sentence based on an SVP designation, but was instead properly subject to a tier-based registration period.

Trial Court Opinion, filed 10/24/18, at 7 (bold added).

We agree with the trial court's sound reasoning, conclude Appellant was properly sentenced in accordance with the applicable SORNA tier-based registration period, and find no merit to Appellant's first claim. ***See Commonwealth v. Golson***, 189 A.3d 994, 1003 (Pa.Super. 2018) (directing "trial courts to apply only the applicable tier-based registration period, as those periods apply based on the conviction itself, and not due to any additional fact not found, under SORNA's procedures, by the fact-finder").

In his second issue, Appellant contends SORNA violates the separation of powers doctrine under the Pennsylvania Constitution since it grants sentencing authority and administration exclusively to an administrative agency rather than the courts.

This Court held that, under Megan's Law II, "the separation of powers doctrine remain[ed] intact because the [SOAB] dictate[d] no specific conclusion to the judiciary." **Commonwealth v. Howe**, 842 A.2d 436, 447 (Pa.Super. 2004) (citing **Commonwealth v. Kopicz**, 840 A.2d 342 (Pa.Super. 2003) (holding Megan's Law II did not violate the separation of powers doctrine because the SOAB did not perform an adjudicative function)). In the case *sub judice*, Appellant has not cited any legal authority to suggest that SORNA's requirements are different from its predecessor in this regard, and we find there is no merit to his claim.

Appellant intertwines his third and fourth issues. Specifically, Appellant contends that the requirement he register for a period of fifteen years as a Tier I offender under SORNA is both an illegal sentence and "cruel and unusual" punishment since the statutory maximum penalty for the crime to which he pled *nolo contendere* is only seven years.[5] We find no relief is due.

In **Commonwealth v. Strafford**, 194 A.3d 168 (Pa.Super. 2018), a panel of this Court held that our legislature could-and did-create multiple types of punishment for a given crime. Thus, we held the legislature may punish sex-offenders by both a statutory-maximum incarceration period and

---

[5] 18 Pa.C.S.A. § 6312(d.1)((2)(i) provides that a conviction under Section 6312(d) is a felony of the third degree. The Crimes Code provides that a person who has been convicted of a felony of the third degree may be sentenced to imprisonment, which shall be fixed by the court at no more than seven years. 18 Pa.C.S.A. § 1103(3).

a limitless SORNA-registration period thereafter. *See id.* We held those two punishments are separate and distinct. *See id.* Accordingly, sex-offenders' SORNA registration periods are unrelated to whatever maximum-incarceration period Chapter 11 of the Crimes Code establishes for their crimes. Specifically, we recognized the following:

> In SORNA, the legislature authorized courts to include periods of registration as part of a sentence. Similar to the treatment of the payment of fines or restitution, the legislature did not tie the period of registration to the length of incarceration. *See* 42 Pa.C.S.[A.] § 9799.14 ("Sexual offenses and tier system"); 42 Pa.C.S.[A.] § 9799.15 ("Period of registration"). SORNA's registration provisions are not constrained by [18 Pa.C.S.A. §] 1103. Rather, SORNA's registration requirements are an authorized, punitive measure separate and apart from [the] [a]ppellant's term of incarceration. The legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration.

*Stafford*, 194 A.3d at 173. *See Commonwealth v. Bricker*, \_\_\_ A.3d \_\_\_, 2018 WL 5093265 (Pa.Super. filed 10/19/18).

Accordingly, we conclude that Appellant's fifteen-year registration requirement authorized by SORNA constitutes neither an illegal sentence nor cruel and unusual punishment. Accordingly, Appellant is not entitled to relief.

After examining the issues contained in the *Anders* brief, we concur with counsel's assessment that the appeal is wholly frivolous. "Furthermore, after conducting a full examination of all the proceedings as required pursuant to *Anders*, we discern no non-frivolous issues to be raised on appeal."

*Yorgey*, 188 A.3d at 1195. Thus, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/18/2019