J-A21039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
Appellant   :
:
:
v.   :
:
:
:
MARC VINCENT   :   No. 1647 EDA 2020

Appeal from the Order Entered August 17, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006690-2018

BEFORE: LAZARUS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:       **FILED SEPTEMBER 30, 2022**

The Commonwealth appeals from the order entered on August 17, 2020, in the Philadelphia County Court of Common Pleas, granting Marc Vincent (Appellee) relief under the Post Conviction Relief Act (PCRA),[1] and allowing him to withdraw his guilty plea. On appeal, the Commonwealth argues the PCRA court erred in allowing Appellee to withdraw his guilty plea where: (1) Appellee did not preserve the claim before the court; (2) the standard guilty plea colloquy provided to Appellee was not defective nor did it violate due process; and (3) plea counsel was not ineffective for failing to object to the standard colloquy given to Appellee. For the reasons below, we reverse the order granting PCRA relief.

---

[1] 42 Pa.C.S. §§ 9541-9546.

Briefly, we glean the underlying facts of this case from the PCRA court opinion:

On February 26, 2019, [Appellee] pled guilty to rape [and unlawful contact with a minor[2]] as [felonies] of the first degree for raping his adopted daughter "KV" [(Victim)] beginning in 2015 while she was 14 [years old]. This occurred on numerous occasions and by the time [Victim] was 15 [years old,] she was pregnant and had an abortion at the women's center in Bucks County[, Pennsylvania]. It was reported and prosecution ensued.

During this time, [Appellee] had pending an application for US citizenship. [Appellee] was granted US citizenship on February 9, 2018. [The] granting of his citizenship was prior to his guilty plea but . . . was pending during the time when the illegal sexual conduct was ongoing. On the form for citizenship there [was] a question asking if [Appellee was] engaged in any ongoing criminal activity which [Appellee] denied.

PCRA Ct. Op., 10/7/21, at 1 (unpaginated).

Appellee's written guilty plea colloquy included the following provision:

Risk Of Deportation (*If an Alien*)

I know that if I am not a United States citizen, it is possible I may be deported if I plead guilty to the crime(s) charged against me.

Appellee's Written Guilty Plea Colloquy, 2/26/19, at 3 (unpaginated) (some capitalization omitted). At the guilty plea hearing, the trial court confirmed Appellee read, understood, and freely signed the written colloquy. *See* N.T. Guilty Plea, 2/26/19, at 5-6. The court then stated:

I do not know your status as a U.S. citizen, because I'm not allowed to ask. But if you are not this will lead to deportation. . . .

*Id.* at 8.

---

[2] 18 Pa.C.S. §§ 3121(a)(1), 6318(a)(1).

Pursuant to the plea agreement, the court sentenced Appellee to an aggregate term of two and one half to five years' incarceration, followed by five years' probation. Appellant was also required to report for lifetime registration as a tier three sexual offender under Sex Offender Registration and Notification Act (SORNA).[3] Five months after Appellee was sentenced, he was indicted by a federal grand jury for unlawful procurement of naturalization and false statements in relation to naturalization[4] "based upon the same conduct to which [he pled] guilty[.]" PCRA Ct. Op. at 2 (unpaginated).

Appellee did not file post-sentence motions or a direct appeal, but instead, on March 10, 2020, he filed a Motion to Withdraw Guilty Plea *Nunc Pro Tunc*, which the trial court treated as a first timely PCRA petition. In this petition, Appellee alleged: (1) he was "erroneously advised that only a non-citizen could face" deportation based on a guilty plea; (2) the standard guilty plea colloquy he was given was "legally inaccurate as written[;]" and (3) based on this "obvious defect[,]" he did not knowingly or voluntarily enter his guilty plea. Appellee's Motion to Withdraw Guilty Plea *Nunc Pro Tunc*, 3/10/20, at 1, 3 (emphasis omitted). Appellee also averred the following:

> [Appellee] is not challenging [c]ounsel's stewardship of the plea under the 6th Amendment, since this was principally an error with respect to the judicial advisals which in turn were based on the . . . objectively erroneous [guilty plea colloquy]. However, should the [PCRA c]ourt find that counsel was under an obligation to

---

[3] 42 Pa.C.S. §§9799.51-9799.75.

[4] 18 U.S.C. §§ 1425, 1015(a).

enter a contemporaneous objection at the time of the plea, preserving the issue for appellate review, then a [PCRA claim] would be pursued prior to the one-year filing deadline.

*Id.* at 2 n.1.

On May 17, 2020, the Commonwealth filed a motion to dismiss the petition asserting: (1) Appellee's claim must be viewed under the confines of the PCRA; (2) his claim is waived because he failed to object during the colloquy, or raise the issue in a post-sentence motion or on direct appeal; (3) any claim of counsel's ineffectiveness was underdeveloped; and (4) all of the information given to Appellee during his colloquy was accurate. Commonwealth's Motion to Dismiss, 5/17/20, at 5-8. Appellee filed a letter response in which he stated:

[I]t was agreed that the [PCRA c]ourt would be compelled to treat the [m]otion as a PCRA [petition] challenging plea counsel's failure to object to the defective advisal . . . since the [PCRA c]ourt did not have jurisdiction under the rules to allow for the withdrawal of a guilty plea at this juncture.

Letter from Appellee's Counsel to PCRA court, 5/28/20, at 1-2 (unpaginated).[5]

After an August 17, 2020, evidentiary hearing, the PCRA court entered an order granting relief and allowed Appellee to withdraw his guilty plea. The

---

[5] Upon review of the record, there is no support for Appellee's assertion that "it was agreed" to view his claim under the confines of ineffective assistance of counsel. Nor does Appellee allege whether the agreement was between himself and the PCRA court, the Commonwealth, or all parties. Neither the PCRA court nor the Commonwealth addresses or disputes any such agreement.

court stated the "totality of the circumstances" supported relief. ***See*** N.T.

PCRA H'rg, 8/17/20, at 5-7. The Commonwealth filed this timely appeal.[6]

On appeal, the Commonwealth raises the following claims:

I. Did [Appellee] waive his PCRA claim that his plea was involuntary by failing to raise it in a post-sentence motion or on direct appeal, thus rendering the PCRA court's grant of relief on it error?

II. Did the standard plea colloquy as delivered comport with the requirements of due process, where it accurately conveyed the law, including, *inter alia*, potential immigration consequences of the plea?

III. Could plea counsel have been ineffective for not objecting to the standard plea colloquy?

Commonwealth's Brief at 4.

When reviewing an order granting or denying PCRA relief,

[we must] determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from error. The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court. The PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon this Court. However, we review the PCRA court's legal determinations *de novo*.

***Commonwealth v. Orner***, 251 A.3d 819, 824 (Pa. Super. 2021) (*en banc*),

quotation marks and citations omitted), *appeal denied*, 308 MAL 2021 (Oct.

26, 2021).

---

[6] The Commonwealth complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

In its first issue, the Commonwealth argues Appellee waived any claim that his plea was involuntary when he did not raise it before the trial court and as such, the PCRA court's review of the claim was legal error. Commonwealth's Brief at 13. In the alternative, the Commonwealth maintains Appellee was aware he was potentially subject to denaturalization when he lied on his citizenship paperwork because he "signed his name, multiple times, to affirm under penalty of perjury that all of the information" in the paperwork was true and correct. *Id.* at 14. Thus, the Commonwealth insists that Appellee "repeatedly affirmed his understanding of . . . potential ramifications before he pled guilty in this case[.]" *Id.*

Regarding a challenge to the validity of a guilty plea, a defendant must preserve this claim by objecting during the plea colloquy, at sentencing, or in a post-sentence motion. *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468-69 (Pa. Super. 2017). Failure to preserve this claim results in waiver. *Id.*; Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Further:

> [U]pon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the legality of the sentence imposed[.]

*Commonwealth v. Prieto*, 206 A.3d 529, 533-34 (Pa. Super. 2019) (citation and quotation marks omitted).

Here, the PCRA court acknowledges Appellee did not challenge the validity of his plea prior to filing his PCRA petition. PCRA Ct. Op. at 3.

- 6 -

However, the court maintains Appellee did not waive this claim and is entitled to relief under 42 Pa.C.S. § 9544(b). That is, due to "the unique nature of the issue at hand[,]" the court found Appellee "was not aware of the consequences to his immigration status." *Id.* at 3-4. We disagree.

Appellee did not raise a claim regarding his defective plea colloquy at any time before filing his first PCRA petition, a requirement to properly preserve this claim, and thus it is subject to waiver. *See* Pa.R.A.P. 302(a); *Monjaras-Amaya*, 163 A.3d at 468-69. The PCRA court, therefore, committed legal error in granting relief and we must reverse. *See Orner*, 251 A.3d at 824. Further, the PCRA court did not provide any relevant authority[7] in support of its contention, but instead simply stated Appellee was entitled to relief because of the "unique" situation. PCRA Ct. Op. at 4. While we do not dispute the present facts are uncommon, the record does not support a finding of relief. *See Orner*, 251 A.3d at 824. Appellee's challenge to the validity of his plea is waived.

Though Appellee's claims are waived, both he and the PCRA court compare the present facts to *Padilla v. Kentucky*, 559 U.S. 356 (2010), and

---

[7] The PCRA court cited 42 Pa.C.S. § 9544(b) in support of its position, but this provision is irrelevant to support a grant of relief as it states that under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). The PCRA court seems to ignore that preservation of a claim challenging the validity of a plea must be raised prior to the filing of a PCRA petition. *See Monjaras-Amaya*, 163 A.3d at 468-69.

contend it is either partially or fully applicable. Appellee argued the **trial court** was required to advise him on potential consequences to naturalized citizens. Appellee's Motion to Withdraw Guilty Plea *Nunc Pro Tunc*, at 1, 4. The PCRA court maintains ***Padilla*** is "partially applicable" because Appellee was in the process of obtaining naturalized citizenship during the commission of his crimes. PCRA Ct. Op. at 6 (unpaginated). It states that if plea counsel knew Appellee lied on his naturalization forms prior to the guilty plea colloquy, then Appellee would be entitled to relief under ***Padilla***. ***Id.***

The Commonwealth contends Appellee's reliance is misplaced. Further, the Commonwealth avers Appellee's guilty plea colloquy was not defective. Commonwealth's Brief at 17. It highlights that contrary to Appellee's claims, the guilty plea colloquy did not state that "'only' a non-citizen can face deportation based on a guilty plea[,]" but instead was silent as to the consequences a naturalized citizen may face. ***See id.*** The Commonwealth maintains that it is the responsibility of **counsel**, not the courts, to advise a defendant about potential immigration consequences after pleading guilty. ***Id.*** at 17, 19-21 *citing* ***Commonwealth v. Rachak***, 62 A.3d 389, 395 (Pa. Super. 2012) (holding that while the United States Supreme Court has "recognized that lawyers have a responsibility to inform clients of potential immigration consequences before entering a guilty plea, it has not, as of this date, placed the same responsibility on the courts.").

Moreover, we conclude ***Padilla*** is distinguishable on its facts. In that case, the defendant, a lawful permanent resident of the United States for over

40 years, was facing deportation after pleading guilty to drug related crimes. *Padilla*, 559 U.S. at 359. In a post-conviction proceeding, the defendant alleged his counsel failed to advise him of immigration consequences and stated he "did not have to worry about immigration status since he had been in the country so long." *Id.* (internal quotation marks and citation omitted). After following his counsel's advice, the defendant entered a guilty plea which made his deportation "virtually mandatory." *Id.* The defendant asserted that if he knew of this consequence, he would have "insisted on going to trial[.]" *Id.*

The Supreme Court of Kentucky denied the defendant relief without an evidentiary hearing, stating "the Sixth Amendment's guarantee of effective assistance of counsel does not protect a criminal defendant from erroneous advice about deportation because it is merely a 'collateral' consequence" of conviction. *Padilla*, 559 U.S. at 359-60 (citation omitted). The United States Supreme Court granted certiorari to decide whether the defendant's counsel "had an obligation to advise him that the offense to which he was pleading guilty would result in his removal from this country." *Id.* at 360. The Court held "constitutionally competent counsel would have advised [the defendant] that his conviction for drug distribution made him subject to automatic deportation[,]" but whether the defendant was entitled to relief depended on whether he had been prejudiced, which the Court did not address. *Id.* The Court opined that "advice regarding deportation" falls under what the **Sixth Amendment** requires of **counsel**, stating further:

> There will . . . undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain. The duty of the private practitioner in such cases is more limited. When the law is not succinct and straightforward[,] a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear.

*Id.* at 366, 369 (citation omitted). The Supreme Court viewed the claim through the purview of **counsel's** ineffectiveness and made no comment regarding any potential duty of a trial court to inform a defendant of immigration consequences.

The present case is not analogous to *Padilla*. The record does not reveal, nor does Appellee allege, that plea counsel gave him incorrect advice prior to entering his guilty plea. Further, Appellee maintains that the error was on the part of the **trial court**. *Padilla* only addressed **counsel's** failure to advise a defendant of the immigration consequences of a guilty plea. To expand this holding and analysis to require trial courts to provide a detailed explanation of the potential immigration consequences of a plea, is simply not supported by the Supreme Court's analysis. Additionally, Appellee's federal indictment sought to revoke his citizenship while deportation proceedings were pending - it did not require "automatic deportation" as was the case in *Padilla*. Significantly, the indictment did not seek to impose penalties for the underlying crimes of his guilty plea, but rather for **lying on his naturalization forms**. Thus, we agree with the Commonwealth that Appellee's reliance on *Padilla* is misplaced.

- 10 -

We also agree with the Commonwealth's assertion that Appellee's guilty plea colloquy was not defective. Commonwealth Brief at 17. The PCRA court found that while the colloquy "was legally accurate . . . it did not fully encompass the potential issues that would arise from" Appellee's plea. PCRA Ct. Op. at 4. Though the PCRA court correctly observed that the colloquies did not "fully encompass" the potential ramifications of Appellee's immigration status, this is not a basis for relief. PCRA Ct. Op. at 4. Affirming on the trial court's opinion in *Rachak*, this Court agreed, explaining:

> [*Padilla*] did not saddle courts with the responsibility of determining if every defendant before them is a United States citizen before accepting a guilty plea. Just as the court is ignorant of a defendant's criminal history and whether or not a guilty plea will result in a parole or probation violation, it is ignorant of a defendant's citizenship status and whether or not a guilty plea will result in deportation. While the United States Supreme Court has recognized that lawyers have a responsibility to inform clients of potential immigration consequences before entering a guilty plea, it has not, as of this date, placed the same responsibility on the courts.

*Rachak*, 62 A.3d at 395. Thus, we conclude the colloquy provided by the trial court was proper and provides no basis for relief.

Last, we address Appellee's assertion that plea counsel provided ineffective assistance of counsel.[8] *See* Appellee's Brief at 13-15. Appellee

_____

[8] Preliminarily, we note Appellee specifically did **not** assert a claim of ineffective assistance of counsel in his PCRA petition. *See* Appellee's Motion to Withdraw Guilty Plea *Nunc Pro Tunc*, at 2 n.1 (stating his "is not challenging [c]ounsel's stewardship . . . under the [Sixth] Amendment, since this was principally an error with" the trial court). It was not until his response to the Commonwealth's motion to dismiss that Appellee attempted to raise an
*(Footnote Continued Next Page)*

asserts counsel was *per se* ineffective for failing to object to the "plainly deficient" guilty plea colloquies. *Id.* at 14. He avers there is no reasonable basis for this failure and as such he was "prejudice[d] *per se*." *Id.* at 15. The Commonwealth disagrees, stating Appellee did not demonstrate that plea counsel knew or should have known "any of the facts underlying [his] current federal indictment" at the time of the guilty plea, and without any offer of proof suggesting so, his claim must fail. Commonwealth Brief at 25. The Commonwealth insists that expecting plea counsel to inquire as to whether Appellee became a naturalized citizen through fraudulent means does not fall within the "range of competence demanded of attorneys in criminal cases." *Id.* at 25-26 (citation omitted).

To succeed on a claim of ineffective assistance, an appellant must plead and prove the following:

> (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. The failure to meet any of these aspects of the ineffectiveness test results in the claim failing.

*Commonwealth v. Barnett*, 121 A.3d 534, 540 (Pa. Super. 2015) (citation and quotation marks omitted).

The PCRA court found that while Appellee's ineffectiveness claim had "some merit," his claim still could not succeed because he failed to establish

_____

ineffectiveness claim. *See* Letter, 5/28/20, at 1-2 (whereupon Appellee alleges "it was agreed" to address his claims as ineffective assistance of counsel).

the final two prongs of the ineffectiveness test. PCRA Ct. Op. at 5. We agree to the extent that his claim must fail. Appellee rests his entire claim on the notion that the guilty plea colloquy was defective and legally inaccurate, and therefore counsel was obligated to object during its recitation. As discussed above, the standard colloquy provided to Appellee did not contain any inaccurate information and the trial court was not required to inquire or provide advice regarding Appellee's specific immigration status. *See Rachak*, 62 A.3d at 395. We cannot expect counsel to object to a standard plea colloquy, especially where the claimed "defect" contained within could not possibly be known to counsel under these specific circumstances. For this reason, Appellee's claim lacks arguable merit and counsel was not ineffective. *See Barnett*, 121 A.3d at 540. Further, we note Appellee did not call plea counsel to testify at his PCRA hearing. Without evidence that counsel had no reasonable basis for not objecting during sentencing, we cannot allow Appellee's claim to succeed. *See id.*

We recognize the efforts of the trial court to provide relief where it believes fair amongst these uncommon facts, however, we are constrained by our function as an error correcting court to analyze this matter under the confines of the PCRA. Appellee was not placed at a disadvantage because of his guilty plea, but rather because of his own choice to lie on his naturalization forms. This is not a basis for relief. Because we conclude the PCRA court erred in granting Appellee relief, we reverse the order on appeal.

Order reversed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2022