J-A25041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROBERT E. SCHMIDT :
:
Appellant : No. 638 WDA 2022

Appeal from the Order Entered May 5, 2022
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000372-2013

BEFORE: KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED: APRIL 20, 2023**

Robert E. Schmidt (Appellant) appeals from the order entered in the

Butler County Court of Common Pleas, denying his serial petition to vacate his

registration requirements as a sexually violent predator (SVP) under the

Pennsylvania Sex Offender Registration and Notification Act[1] (SORNA II). On

appeal, Appellant continues to argue the retroactive application of SORNA II

_____

[1] 42 Pa.C.S. §§ 9799.10 to 9799.75. The trial court did not construe
Appellant's petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-
9545. **See Commonwealth v. Elliott**, 249 A.3d 1190, 1193 (Pa. Super.
2021) (challenge to SORNA II, Subchapter I requirements pertains to a
collateral consequence of criminal sentence and does not fall within purview
of the PCRA), _appeal denied_, 263 A.3d 241 (Pa. 2021).

violates ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017) (plurality).[2]

However, we agree with the trial court that no relief is due under

***Commonwealth v. Lacombe***, 234 A.3d 602 (Pa. 2020),[3] as well as ***Elliott***,

249 A.3d 1190.  Thus, we affirm.

## I.  Prior Procedural History

On August 14, 2013, Appellant entered a negotiated guilty plea to

involuntary deviate sexual intercourse with a child[4] (IDSI), for acts committed

sometime between June and July of 2012.  On November 7, 2013, the trial

court imposed the agreed-upon sentence of six to 15 years' imprisonment and

36 months' probation.  In addition, Appellant was found to be an SVP under

the then-in effect SORNA I (discussed ***infra***), and thus ordered to comply with

lifetime registration.[5]  Notice, 11/27/13, at 1.  Appellant did not take any

direct appeal.

---

[2] ***See Muniz***, 164 A.3d at 1193 (SORNA I's registration requirements constituted punishment and their retroactive application violated the constitutional prohibition against *ex post facto* laws).

[3] ***See Lacombe***, 234 A.3d at 626-27 (Subchapter I of SORNA II does not constitute criminal punishment, and thus retroactive application does not violate *ex post facto* laws).

[4] 18 Pa.C.S. § 3123(b).  The victim was less than one year old.

[5] Both the written plea agreement and the sentencing order also included the handwritten notations, "Tier III SORNA Lifetime Registration" and "Tier III SORNA Registration," respectively.  ***See*** Plea Agreement, 8/14/13; Sentence, 11/7/13, at 2.  We note IDSI was classified a "Tier III" offense under SORNA I, carrying lifetime registration.  ***See*** 42 Pa.C.S. §§ 9799.14(d)(4),
*(Footnote Continued Next Page)*

Almost four years later, on August 9, 2017, Appellant filed a *pro se* petition to correct or modify his purportedly illegal sentence. Appellant averred that because *Muniz* had ruled SORNA unconstitutional, there was no authority supporting his present reporting requirements. The trial court denied this petition on August 18th, and Appellant filed a notice of appeal.

On September 5, 2017, however, Appellant filed a *pro se* PCRA petition, and then on September 13th, a *pro se* motion to modify sentence. Both reiterated the same *Muniz* claim. In two separate orders, the trial court denied both motions, on the ground Appellant's notice of appeal was pending. Appellant filed additional notices of appeal from both orders. Ultimately, the Superior Court quashed all three appeals for Appellant's failure to file briefs. *See* 1233 & 1403 WDA 2017 (consolidated appeals) (order) (Pa. Super. Apr. 10, 2018); 1470 WDA 2017 (order) (Pa. Super. Feb. 12, 2018).

On May 11, 2018, Appellant filed another *pro se* PCRA petition, arguing his SVP designation was unconstitutional. The trial court appointed Dennis McCurdy, Esquire, who has represented Appellant through the present appeal. Counsel filed an amended PCRA petition, arguing Appellant's SVP registration requirements contravened *Muniz*, as well as the then-in effect Superior Court

---

9799.15(a)(3). However, both Appellant's underlying motion and his appellate brief aver only that he is subject to SVP registration, and make no mention of any Tier III registration.

- 3 -

decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) (*Butler I*),[6] *rev'd*, 226 A.3d 972 (Pa. 2020) (*Butler II*).

On October 2, 2018, the trial court issued an order, staying the issue of Appellant's SVP designation pending the Pennsylvania Supreme Court's decision in *Butler II*. Meanwhile, we note:

> [I]n response to *Muniz* and *Butler I*, the Pennsylvania General Assembly amended SORNA I by enacting [SORNA II].
>
> SORNA II now divides sex offenders into two subchapters: (1) Subchapter H, which applies to an offender who committed a sexually violent offense on or after December 20, 2012 (the date SORNA I became effective); and (2) Subchapter I, which applies to an individual who committed a sexually violent offense on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired, or whose registration requirements under a former sexual offender registration law have not expired. . . .

*Elliott*, 249 A.3d at 1193 (paragraph break added). Appellant, who committed his offenses in June or July of 2012, is subject to Subchapter **I**. His SVP designation carries a lifetime registration requirement under Subchapter I of SORNA II. *See* 42 Pa.C.S. § 9799.55(b)(3).

On August 7, 2019 — while the trial court's December 2, 2018, stay order was apparently still in effect — Appellant filed a counseled motion for reconsideration of sentence, again relying on *Muniz* and arguing the

---

[6] *See Butler I*, 173 A.3d at 1217-18 (SVP designations and registration requirements were "increased criminal punishment" and thus violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013)).

retroactive application of SORNA was an *ex post facto* violation.[7]    On December 16th, Counsel filed a memorandum of law, citing both **Muniz** and the Superior Court's decision in **Butler I**.  On January 3, 2020, the trial court issued a second stay order, holding a decision on Appellant's claims pending decisions by the Pennsylvania Supreme Court.

On March 26, 2020, the Supreme Court decided **Butler II**, reversing the Superior Court's decision.  By this time, SORNA II was in effect, and the **Butler II** Court determined the **Subchapter H** registration requirements, applicable to SVPs, did not constitute criminal punishment, and thus **Apprendi** and **Alleyne** were not implicated.  **Butler II**, 226 A.3d at 993.

Additionally, on July 21, 2020, the Pennsylvania Supreme Court decided **Lacombe**, which upheld the constitutionality of Subchapter I.  The Court held Subchapter I did not constitute criminal punishment, and thus its retroactive application did not violate *ex post facto* laws or **Muniz**.  **See Lacombe**, 234 A.3d at 626-27.

---

[7] A September 25, 2019, entry on the trial docket is entitled, "Penalty Satisfied."  However, there is no corresponding document in the certified record explaining this notation.

On December 2, 2020, the trial court denied Appellant's August 7, 2019, motion for reconsideration of sentence. In support, the court cited **Butler II**[8] and **Lacombe**.

## II. Instant Petitions to Vacate Illegal Sentence

Despite the trial court's December 2, 2020, order, Appellant's counsel filed the underlying motion to vacate an illegal sentence on November 10, 2021, and an amended motion on February 9, 2022. Neither motion addressed **Lacombe**, but again argued that **Muniz** found "the older registry laws . . . unconstitutional" and thus any application of the amended SORNA provisions would violate the *ex post facto* clauses of the state and federal constitutions. **See** Appellant's Motion to Vacate Illegal Sentence, 11/10/21, at 1.

The trial court denied both motions on May 5, 2022. Appellant filed a timely notice of appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

## III. Appellant's Argument

On appeal, Appellant presents one issue for our review:

> Whether the Court properly applied the caselaw to the instant case as the matter was analyzed under . . . **Butler** and its progeny rather than through a thorough review of the statutory history of SORNA in all its configurations prior and subsequent and

---

[8] We note, however, that **Butler II** would not apply to Appellant's case, as, again, that decision addressed Subchapter H, while Appellant's SVP registration requirements arose from Subchapter I.

its statutory exceptions wherein. [Appellant] was sentenced in a period that was exempted statutorily and regardless of the determination of it not being a criminal sentence, it is a sentence, and is applied *ex post facto* creating an illegal sentence that must be vacated under the law existing at the time of his sentencing.

Appellant's Brief at viii.

We observe Appellant again fails to make any reference to the *Lacombe* decision, which was the basis for the trial court's decision, nor even any mention of the Subchapter H and Subchapter I designations of SORNA II. Instead, Appellant continues to argue: (1) *Muniz* held that retroactive application of the SORNA registration requirements violated the *ex post facto* clause; and (2) because he committed his offenses before "all Megan's Law and SORNA requirements, [he] is to be relieved of all penalties . . . not in place at the commission of his crime[.]" Appellant's Brief at 4-5. Appellant also cites the *Butler I* decision, which held the SORNA I's SVP designations were unconstitutional. Appellant's Brief at 5. In a footnote, he acknowledges merely that *Butler I* was overruled, but presents no further discussion on the *Butler II* holding. *See id.* at 6 n.2. We conclude no relief is due.

## IV. Analysis

Appellant's challenge to his SVP designation and registration requirements presents a challenge to the legality of his sentence. *See Commonwealth v. Prieto*, 206 A.3d 529, 534 (Pa. Super. 2019). "Issues relating to the legality of a sentence are questions of law. Our standard of

review over such questions is de novo and our scope of review is plenary." *Id.* (citation omitted).

We determine Appellant's claim falls squarely under this Court's decision in *Elliott*, 249 A.3d 1190. In that case, the defendant was found to be an SVP in 2012 under then-in effect SORNA I. *Id.* at 1191. In 2018, the defendant filed a petition, arguing that because *Muniz* found SORNA was unconstitutional under the *ex post facto* clauses, his SVP designation was likewise unconstitutional and should be vacated. *Id.* at 1191-92.

On appeal,[9] this Court rejected this *ex post facto* argument. *Elliott*, 249 A.3d at 1194. We reasoned:

> [The defendant] fails to acknowledge the Court's holding in *Lacombe* that Subchapter I's [registration] requirements do not constitute criminal punishment. *Lacombe*, 234 A.3d at 626. Additionally, in *Butler II*, our Supreme Court determined that the . . . requirements applicable to SVPs under Subchapter H are non-punitive[.]
>
>            \*     \*     \*
>
> While here, [the defendant] was deemed an SVP under Subchapter I, this Court has observed that "Subchapter I contains less stringent reporting requirements than Subchapter H . . . ." *Commonwealth v. Alston*, . . . 212 A.3d 526, 529 (Pa. Super. 2019). Because Subchapter I's [registration] requirements applicable to SVPs are less burdensome than are Subchapter H's requirements for SVPs, it must be the case that Subchapter I's

---

[9] The defendant had framed his motion as a PCRA petition, and the trial court dismissed it as untimely under the PCRA filing requirements. *Elliott*, 249 A.3d at 1191-92. On appeal, this Court found error in the trial court's construing the motion under the PCRA, but ultimately denied relief on the merits, as we discuss *infra*. *See id.* at 1193-94.

[registration] requirements for SVPs also do not constitute criminal punishment, given our Supreme Court's decision in **Butler II**. Thus, we deem meritless [the defendant's] argument that his [registration] requirements are punitive and violative of the *ex post facto* clause.

*Id.* at 1194.

Appellant's present argument is identical to the one presented in **Elliott**.

We apply the **Elliott** Court's reasoning here, and conclude no relief is due.

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court denying Appellant's motion for reconsideration of sentence.

Order affirmed.

Judge Nichols joins the Memorandum.

Judge Kunselman Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2023