J-S23036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN PETTY | : | |
| | : | |
| Appellant | : | No. 1891 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 23, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002818-2021

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

JUDGMENT ORDER BY KING, J.:                    **FILED JANUARY 31, 2024**

Appellant, John Petty, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his plea of *nolo contendere* to possession of a firearm prohibited.  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant was charged with possession of a firearm prohibited, possession of a firearm without a license, and carrying firearms on public streets in Philadelphia.[1]  Appellant subsequently filed a motion to suppress the firearm, arguing that the officers initiated an investigative detention without reasonable suspicion.   The suppression court conducted a hearing on November 16, 2021, after which the court denied the motion.

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.

On March 17, 2022, Appellant entered a plea of *nolo contendere* to possession of a firearm prohibited. All other charges were *nolle prossed*. On June 23, 2022, the trial court sentenced Appellant to 11½ to 23 months of incarceration, followed by eight years of probation. Appellant filed a timely notice of appeal on July 11, 2022. Thereafter, Appellant complied with the trial court's order and filed a timely concise statement of errors complained of on appeal on August 22, 2022.

Appellant raises one issue on appeal:

> Did not the trial court err in denying Appellant's motion to suppress physical evidence under the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution where the arresting officer lacked reasonable suspicion to believe that Appellant was engaged in criminal conduct where he was physically stopped and subjected to an investigatory detention or arrest merely based upon the receipt of information that he had a firearm, all in contradiction to the recent holding of the Pennsylvania Supreme Court in **Commonwealth v. Hicks**, 652 Pa. 353, 208 A.3d 916 (2019), *cert. denied*, ___ U.S. ____, 140 S.Ct. 645, 205 L.Ed.2d 410 (2019)?

(Appellant's Brief at 4) (citation formatting provided).

Preliminarily, "we note that in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." **Commonwealth v. Jabbie**, 200 A.3d 500, 505 (Pa.Super. 2018) (internal quotation marks omitted). "Generally, upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the legality of the sentence imposed[.]" **Commonwealth v. Prieto**, 206 A.3d 529, 533-34 (Pa.Super.

2019) (internal quotation marks omitted).

Instantly, the Commonwealth suggests that Appellant has waived his issue on appeal by virtue of his plea of *nolo contendere*. We agree with the Commonwealth's position. Here, Appellant waived his right to appeal the denial of his suppression motion once he entered the plea of *nolo contendere*.[2] (*See* N.T. Plea Hearing, 3/17/22, at 6-7; *Nolo Contendere* Plea Colloquy, dated 3/17/22, at 5). *See also Prieto, supra*; *Jabbie, supra*. Accordingly, we do not reach the merits of Appellant's issue, and we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/31/2024

---

[2] The record does not indicate that Appellant reserved his right to appeal his suppression issue in a "conditional plea agreement." *See Commonwealth v. Singleton*, 169 A.3d 79, 81-82 (Pa.Super. 2017), *appeal denied*, 645 Pa. 571, 181 A.3d 1080 (2018) (recognizing validity of conditional plea agreements reserving right to appeal suppression issue).