J-S15023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN THOMAS GREENE | : | |
| | : | |
| Appellant | : | No. 996 WDA 2024 |

Appeal from the PCRA Order Entered August 7, 2024
In the Court of Common Pleas of Bedford County
Criminal Division at No(s):  CP-05-CR-0000151-2022

BEFORE:   OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                **FILED: July 18, 2025**

John Thomas Greene ("Greene") appeals from the order dismissing his first counseled petition filed pursuant to the Post Conviction Relief Act[1] (PCRA). We affirm.

The transcript of Greene's negotiated *nolo contendere* plea hearing discloses that on March 24, 2022, the Greenfield Township Police Department sought the help of the Pennsylvania State Police to pursue a black Jeep.  The pursuit entered Bedford County but was terminated due to weather and safety concerns.  Later that day, one of the troopers spotted the Jeep, which Greene was driving, and activated his lights and sirens resulting in a high-speed chase.  Greene left the roadway, traveled onto an embankment, and made

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541–9546.

several turns at high speed. The trooper made an unsuccessful attempt to stop Greene, who rammed the trooper's vehicle to escape capture. After a chase in which Greene drove in excess of 85 miles per hour on small, two-lane, roads, another trooper was able to force Greene to stop the Jeep. **See** N.T., 7/12/22, at 6-9.

In July 2022, Greene entered a negotiated *nolo contedere* plea to one count of aggravated assault, one count fleeing or attempting to elude police officers, one count of receiving stolen property, one count of driving under the influence of a controlled substance (third offense), and one count of possession with intent to deliver methamphetamines. Later that month, the court imposed the negotiated aggregate sentence of seven to fifteen years of imprisonment. Greene did not file a direct appeal.

On October 13, 2022, Greene filed a timely *pro se* PCRA petition. He retained PCRA counsel, Christian Kerstetter, Esquire, who filed an amended PCRA petition asserting, *inter alia*, that Greene's plea counsel was ineffective for advising Greene to waive his preliminary hearing and plead *nolo contedere* to aggravated assault. **See** Amended Petition for Post Conviction Relief, 11/22/24, at 2. The court conducted an evidentiary hearing on Greene's amended petition and denied relief. **See** PCRA Court Order, 8/7/24. Greene filed a timely notice of appeal. He and the PCRA court complied with Pa.R.A.P. 1925.

- 2 -

Greene raises the following issues on appeal:

1. Did [] Greene receive ineffective assistance of counsel when no litigation was undertaken to challenge the sufficiency of the Commonwealth's evidence as to [aggravated assault]?

2. Did [] Greene receive ineffective assistance of counsel when he was advised that he risked conviction of [aggravated assault] and should consequently consider the Commonwealth's offer to plead *nolo contedere*. . . .?

Greene's Brief at 4. Because Greene's issues are substantially similar and Greene offers the same argument for both issues in his brief, we address them together.

Greene appeals from the denial of his PCRA petition. We review the PCRA court's denial of relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Flor*, 259 A.3d 891, 902 (Pa. 2021). "We view the evidence of record in a light most favorable to the Commonwealth, as the prevailing party below. We are bound by the PCRA court's credibility determinations, unless those determinations are not supported by the record; however, we review the PCRA court's legal conclusions *de novo*." *Id*. (internal citations omitted).

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). To prevail on any claim of ineffective assistance of counsel, a petitioner must prove that "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or

- 3 -

failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error." *Commonwealth v. Johnson,* 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*). A claim that a counseled plea should be vacated on grounds of ineffective assistance will only be granted if counsel caused the defendant to enter an involuntary or unknowing plea. *See Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). "[T]he voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id*. Where a defendant has pleaded *nolo contendere*, to prove ineffective assistance he must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded [] and would have insisted on going to trial." *See Rathfon*, 899 A.2d at 370 (citation omitted).

We presume that "a defendant who enter[ed] a [] plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).[2] Where the record shows the trial court conducted a thorough plea colloquy and the defendant understood his rights and the nature of the charges against him, the plea is voluntary. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001). When evaluating whether a defendant made a

---

[2] "[I]n terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." *Commonwealth v. Prieto*, 206 A.3d 529, 533-34 (Pa. Super. 2019) (citation omitted).

- 4 -

knowledgeable, voluntary plea, we look at the totality of the circumstances surrounding the plea. *See id*. At a minimum, the trial court must inquire in the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading [*nolo contendere*]?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has a right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id*. (citation omitted); *see also* Pa.R.Crim.P. 590, Comment. Whether an appellant is pleased with the outcome of his plea is immaterial to our analysis; all that is required is that the plea was "knowingly, voluntarily and intelligently made." *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*). *Accord Commonwealth v. Bedell*, 954 A.3d 1209, 1212 (Pa. Super. 2008).

Greene asserts his counsel erroneously evaluated Greene's risk of conviction for aggravated assault. *See* Greene's Brief at 18. According to Greene, "the Commonwealth's evidence did not support a finding of specific intent to cause serious bodily injury to an officer," an essential element of

aggravated assault. *See id*. at 11. At its core, Greene's argument challenges the strategic choices and legal conclusions of his plea counsel. As our Court has recognized, "strategic choices made by trial counsel after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Commonwealth v. Alceus*, 315 A.3d 853, 864 (Pa. Super. 2024) (citation omitted). Greene does not allege plea counsel was ill-prepared. Instead, he challenges plea counsel's legal opinion, asserting the evidence would not have sustained an aggravated assault conviction and counsel was ineffective for advising him to plead guilty to that offense. *See* Greene's Brief at 20. However, during his oral and written plea colloquies, Greene acknowledged he had reviewed the charges with his attorney, N.T., 7/12/22, at 5, he understood he had an absolute right to a jury trial, *id*., he believed a jury could convict him of all the crimes, *id*. at 9, and he unequivocally accepted full responsibility for his involvement in the crime. *See* Written Plea Agreement, 7/12/22 at 2.

Additionally, at the PCRA hearing, Greene's counsel testified to reviewing the numerous police "dash cam" videos, and successfully negotiating multiple, more favorable plea deals. *See* N.T., 7/12/22, at 6-18. After reviewing the videos and the other evidence, Greene's plea counsel

testified he worried the jury could find that Greene's collision with the trooper's car was intentional considering the long chase and Greene's intentional, dangerous acts to evade the troopers' multiple attempts to stop him. **See id**. at 23.

Counsel's concern about the risk the jury would convict Greene of aggravated assault based on the evidence and his success in obtaining a lesser, negotiated sentence was a reasonable decision based on the facts and the law. For that reason, Greene's claim fails without further analysis. **See Commonwealth v. Alexander**, 296 A.3d 1, 4 (Pa. Super. 2023).

Accordingly, for the reasons discussed above, we affirm the denial of Greene's PCRA petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/18/2025