J-S27001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN ANDREW MORRIS | : | |
| | : | |
| Appellant | : | No. 76 MDA 2023 |

Appeal from the Judgment of Sentence Entered December 16, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002793-2021

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:        **FILED: OCTOBER 3, 2023**

Appellant, John Andrew Morris, appeals from the judgment of sentence of 110 days' to 23 months' incarceration, imposed after he pled *nolo contendere* to one count of aggravated cruelty to animals, 18 Pa.C.S. § 5534(a)(2), based on his neglect of a horse, which ultimately died. On appeal, Appellant seeks to argue that his plea was not knowingly, intelligently, and voluntarily entered, and that the court should not have required him to sign over his ownership of a horse to the Animal Rescue League as part of the plea. Additionally, Appellant's counsel, Sean M. Fitzgerald, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Briefly, Appellant was charged with three counts of aggravated cruelty to animals, as well as ten counts of neglect of an animal, 18 Pa.C.S. § 5532(a), based on his neglect and/or abuse of horses that he owned. Ultimately, Appellant pled *nolo contendere* to one count of aggravated cruelty to animals based on the fact that he "intentionally or knowingly neglected a horse, Pretty Boy, resulting in serious bodily injury to and the death of that animal." Trial Court Opinion (TCO), 3/22/23, at 2 (citing N.T. Plea/Sentencing, 12/16/22, at 26-27). The other charges pending against Appellant were dismissed as part of the plea agreement. Additionally, as part of Appellant's plea agreement, Appellant signed over ownership of a horse named Socks to the Animal Rescue League.

On December 16, 2022, the court sentenced Appellant to the term set forth *supra*. Appellant did not file a post-sentence motion. Instead, he filed a timely notice of appeal on December 29, 2022. He also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, setting forth the following two issues therein:

> 1. Whether [Appellant] entered a knowing, intelligent, and voluntary plea of *nolo contendere* to one count of aggravated cruelty to animal[s] pursuant to 18 Pa.C.S.[] § 5534(a)(2) when [Appellant] was not responsible for the care of the horse named Pretty Boy and did not intentionally or knowingly cause serious bodily injury or death to the animal?
>
> 2. Whether [Appellant] should have been allowed to retain ownership of his horse named Socks after having signed ownership of the horse over to the Animal Rescue League[?]

Appellant's Rule 1925(b) Statement, 2/13/23, at 1 (single page). The court filed its Rule 1925(a) opinion addressing these two issues on March 22, 2023.

On May 10, 2023, Attorney Fitzgerald filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an **Anders** brief, discussing the two issues set forth in Appellant's Rule 1925(b) statement, and concluding that they are frivolous. Attorney Fitzgerald also concludes that Appellant has no other, non-frivolous claims he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[`]s attention in addition to the points raised by counsel in the **Anders** brief."

*Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007)….

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Fitzgerald's *Anders* brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and he supports his rationale with citations to the record and pertinent legal authority. Attorney Fitzgerald also states in his petition to withdraw that he has supplied Appellant with a copy of his *Anders* brief. Additionally, he attached a letter directed to Appellant to his petition to withdraw, in which he informed Appellant of the rights enumerated in *Nischan*.[1] Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if

_____

[1] We note that the petition to withdraw and *Anders* brief do not contain proof of service on Appellant, but counsel's letter to Appellant mentions that those documents were enclosed with it.

Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

Initially, the Commonwealth avers, and we agree, that Appellant has waived his two issues by failing to raise them before the trial court either orally at the plea/sentencing proceeding, or in a post-sentence motion to withdraw his plea. It is well-settled that "a defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to do either results in waiver." **Commonwealth v. Lincoln**, 72 A.3d 606, 609–10 (Pa. Super. 2013) (citations omitted), *appeal denied*, 87 A.3d 319 (2014) (holding that a defendant failed to preserve a challenge to validity of guilty plea where he did not object during the plea colloquy or file a post-sentence motion to withdraw plea). **See also** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating a post-sentence motion challenging validity of a guilty plea shall be filed no later than 10 days after the imposition of sentence). "It is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." **Commonwealth v. Monjaras-Amaya**, 163 A.3d 466, 469 (Pa. Super. 2017).

Here, both Appellant's issues challenge the validity of his plea, or aspects of his plea agreement that he now claims are unfair. While the record confirms that Appellant was notified of his post-sentence motion rights, he failed to file any motion raising these claims before the trial court. We also

- 5 -

do not see where in the record he orally raised these claims at the plea/sentencing hearing. Consequently, they are waived. *See id.*; *see also See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In any event, even if not waived, we would agree with Attorney Fitzgerald that it would be frivolous for Appellant to raise either of his two issues on appeal. In regard to Appellant's first issue, he "argues that his [*nolo contendere*] plea was not knowingly, intelligently[,] and voluntarily entered into because he was not responsible for the care of the horse named Pretty Boy and did not intentionally or knowingly cause serious bodily injury to the animal." *Anders* Brief at 16. Appellant also claims that he "did not fully understand the nature of the plea process, nor did he understand the sentencing guidelines." *Id.* at 15. He maintains that this "lack of understanding" constitutes a manifest injustice that warrants the withdrawal of his plea. *Id.*

In concluding this issue is frivolous, Attorney Fitzgerald explains:

[T]he record shows that Appellant's *nolo contendere* plea was entered in a knowing, intelligent, and voluntary manner. ["I]n terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea.[" *Commonwealth v.*] *Prieto*, [206 A.3d 529, 533 (Pa. Super. 2019) (citation omitted)]. ["]A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, 6) the plea court's power to deviate from any recommended. sentence.[" *Commonwealth v.*] *Ried*, [117 A.3d 777, 782 (Pa. Super. 2015) (citations omitted)].

During the plea colloquy, the Commonwealth's attorney informed Appellant that he was pleading to one count of aggravated cruelty to animals and [Appellant] indicated that he understood this. N.T. [Plea & Sentencing Hearing at] 22. He was also informed of the factual basis for the plea and agreed that the Commonwealth could prove the offense to a standard of guilt beyond a reasonable doubt if the facts were presented to a jury. [*Id.* at] 25-27. Appellant acknowledged that he understood that he was presumed innocent of the offense and had an absolute right to a jury trial. [*Id.* at] 22-23. He also understood the maximum permissible sentence on the charge. [*Id.* at] 25. Prior to entry of the plea, the [trial] court and the Commonwealth's attorney explained the Pennsylvania Sentencing Guidelines to Appellant and where he fell on those guidelines. [*Id.* at] 19-21. Appellant entered an open plea in this case and there was no agreement as to what the sentence would be. However, Appellant said he understood that the sentencing court could impose a sentence up to the maximum permissible sentence. [*Id.* at] 24-25. The sentencing court conducted a plea colloquy that addressed the six areas required to establish a valid plea and was satisfied that Appellant's plea was knowing, intelligent and voluntary. [*Id.* at] 28. For these reasons, appellate counsel submits that Appellant's first argument is wholly frivolous.

*Id.* at 20-21.

After reviewing the record of Appellant's *nolo contendere* plea, we agree with Attorney Fitzgerald. Appellant was thoroughly colloquied on the six areas required to be covered in a valid plea. Appellant indicated that he understood all the information presented in the colloquy, and that he was voluntarily and knowingly choosing to enter the *nolo contendere* plea. Notably, he acknowledged that, although he was not admitting guilt, he was aware that the Commonwealth had sufficient evidence for a jury to find him guilty beyond a reasonable doubt of aggravated cruelty to animals. Thus, even if Appellant had preserved his challenge to the validity of his guilty plea for our review, we would agree with Attorney Fitzgerald that his claim is frivolous.

Likewise, we would also conclude that Appellant's second issue is frivolous, had that claim been preserved on appeal. Essentially, "Appellant seeks the return of a horse he gave to the Animal Rescue League as part of the plea agreement." *Anders* Brief at 15. Appellant points out that he only pled guilty to a crime involving the horse named Pretty Boy, and "[t]he count of aggravated cruelty of [an] animal that pertained to Socks was dismissed as part of the plea agreement." *Id.* Thus, Appellant argues that he "did not receive the benefit of his plea agreement because he had to give up a horse that he never admitted to harming[, n]or did he ever admit that the Commonwealth could present evidence to prove that he harmed Socks." *Id.* Consequently, Appellant asks this Court to "enter an order whereby Socks is returned to Appellant." *Id.* at 19.

Even if Appellant's claim were preserved, we would conclude that no relief is due. As the trial court explains in its Rule 1925(a) opinion:

> [Appellant] claims that he should have been permitted to retain ownership of his horse, Socks, instead of signing over the horse to the Animal Rescue League.
>
> > With respect to plea bargains, the reality of the criminal justice system is that nearly all criminal cases are disposed of by plea bargains: ninety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas. Plea bargaining is not some adjunct to the criminal justice system; it is the criminal justice system. Accordingly, it is critical that plea agreements are enforced, to avoid any possible perversion of the plea bargaining system. The disposition of criminal charges by agreement between the prosecutor and the accused, … is an essential component of the administration of justice. Properly administered, it is to be encouraged. In this Commonwealth, the practice of plea bargaining is

generally regarded favorably, and is legitimized and governed by court rule…. A "mutuality of advantage" to defendants and prosecutors flows from the ratification of the bargain.

Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement. Specific enforcement of valid plea bargains is a matter of fundamental fairness. The terms of plea agreements are not limited to the withdrawal of charges, or the length of a sentence. Parties may agree to—and seek enforcement of— terms that fall outside these areas.

Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication. Any ambiguities in the terms of the plea agreement will be construed against the Government. Nevertheless, the agreement itself controls where its language sets out the terms of the bargain with specificity.

***Commonwealth v. Kerns***, 220 A.3d 607, 612 (Pa. Super. 2019) (citation and alterations omitted).

In this case, [Appellant] entered a *nolo contendere* plea to one count of aggravated cruelty to animal, 18 Pa.C.S.[] § 5534(a)(2). During the plea colloquy, the following exchange took place regarding the transfer of Socks to the Animal Rescue League:

THE COURT: I am ordering that the horse by the name of Socks, the ownership is hereby transferred to the Animal Rescue League. I don't really actually know if I have authority to do that now that I'm sitting here thinking about it. Are you willing to give up -- whose horse is it?

[ATTORNEY] FITZGERALD: Socks is [Appellant's] horse.

[THE COMMONWEALTH]: Maybe the Commonwealth would ask that he -- part of the plea is that he agree to sign over ownership to the Animal Rescue League.

THE COURT: Would you agree to do that, sir?

[APPELLANT]: Uh-huh.

THE COURT: Yes?

[APPELLANT]: Yes, as long as he got a good home.

THE COURT: I think that the Animal Rescue -- I think she's here.  Okay.  So you'll agree to do that?

[APPELLANT]: Yes.  I will sign it over to her.

THE COURT: You'll sign it over to her?

[APPELLANT]: Yes.

THE COURT: Okay.  So she has the form.  All right.  So let's go back and then I'm going to just read it again because I added stuff that I don't – that we're not going to do. Okay.

N.T. [Plea & Sentencing] at 32-33.

In this case, [Appellant] agreed to transfer the ownership of Socks to the Animal Rescue League as part of his *nolo contendere* plea agreement.  As set forth above, "when the parties enter the plea agreement and the court accepts and approves the plea, then the parties and the court **must** abide by the terms of the agreement." **Kerns**, **supra** at 612 (emphasis added).  Furthermore, "[t]he terms of plea agreements are not limited to the withdrawal of charges, or the length of a sentence.  Parties may agree to—and seek enforcement of—terms that fall outside these areas." **Id.** Therefore, [Appellant's] agreement to transfer the ownership of Socks to the Animal Rescue League is binding upon him as this was an agreed upon term of the *nolo contendere* plea agreement. This [c]ourt even took the horse's transfer into consideration when imposing [Appellant's] sentence. **See** N.T. [Plea & Sentencing] at 33 ("I have taken into consideration your signing over your rights to the last horse that is with the Animal Rescue League."). Therefore, regardless of whether [Appellant] believes he should have been permitted to keep Socks, he agreed to the horse's transfer as part of the plea agreement and relinquished his right to be the owner of Socks.  [Appellant] is not entitled to relief.

TCO at 4-7.

The record supports the trial court's decision that Appellant knowingly, voluntarily, and intelligently agreed to relinquish his ownership of Socks to the Animal Rescue League as part of his plea agreement. Therefore, we would conclude that he is bound by that agreement, had he preserved this claim for our review.

In sum, we agree with Attorney Fitzgerald that Appellant's issues are frivolous, given that he failed to preserve them for our review by filing a post-sentence motion. Alternatively, even had Appellant preserved his claims, we would conclude that he is not entitled to relief. Additionally, our review of the record reveals no other, non-frivolous claims that Appellant could assert herein. Therefore, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/3/2023