J-S47023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COREY JONES | : | |
| | : | |
| Appellant | : | No. 1489 EDA 2024 |

Appeal from the PCRA Order Entered May 6, 2024
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003541-2022

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MARCH 17, 2025**

Corey Jones appeals from the order denying his first timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The facts and procedural history are as follows: At approximately 1:30 a.m. on May 22, 2022, Pennsylvania State Trooper Riley Ferris observed a vehicle traveling in the left lane when it overcompensated a left turn and almost crashed into the curb. The vehicle locked up its brakes to avoid a collision and then made a U-turn. Trooper Ferris activated his emergency lights to initiate a traffic stop of the vehicle. The vehicle began to flee before finally entering a backyard. The operator of the vehicle, later identified as Jones, exited the vehicle and fled on foot. After a brief foot pursuit, Jones was taken into custody. Trooper Ferris immediately detected a strong odor of

alcohol emanating from Jones. Following field sobriety testing, Jones was arrested. That same day, Jones was charged with one count of fleeing and eluding, three counts of DUI, one count of driving under suspension, and several other traffic violations.

Privately retained counsel entered his appearance and, on October 27, 2022, filed a suppression motion. Jones claimed evidence should be excluded because Trooper Ferris lacked probable cause to initiate the traffic stop. Before the court could rule on the motion, however, on December 13, 2022, Jones entered a negotiated guilty plea to DUI-general impairment, fourth or subsequent offense and the summary offense of driving under suspension. In return, the Commonwealth withdrew all remaining charges. Sentencing was deferred at Jones' request.

On May 1, 2023, the trial court imposed an aggregate sentence of 18 to 36 months of imprisonment in a state correctional institution. Jones did not file a post-sentence motion or a direct appeal.

On August 21, 2023, Jones filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel. After being granted an extension of time, PCRA counsel filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On February 21, 2024, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss Jones'

petition.[1]  Jones filed a *pro se* response.  By order entered May 6, 2024, the court denied Jones' PCRA petition.  This appeal followed.  Both Jones and the PCRA court have complied with Appellate Rule 1925.

Jones raises the following four issues:

[1.]  Whether Trooper Ferris' statements, which he submitted in his Affidavit of Probable Cause were deliberate and intentional misstatements, and, as the video will show, fly in the [face] of the trooper's dash-cam video; as well as the statements he made at [Jones'] preliminary hearing?

[2.]  Whether [plea] counsel was ineffective after he failed to investigate, question and/or attempt to recover Tropper Ferris' dash-cam video, as [Jones] requested him to [do,] and failed to suppress evidence from the dash-cam video?

[3.] Whether PCRA counsel was ineffective after [she] failed to investigate, question and/or attempt to recover Trooper Ferris' dash-cam video to prove his case or was ineffective for failing to raise an issue of merit that, [plea] counsel was ineffective for allowing [Jones] to enter a plea of guilt when there existed a meritorious suppression issue that would have resulted in the [suppression of the] totality of the evidence of guilt?

[4.] Whether both [plea] and PCRA counsel's [unconstitutional] actions or lack of actions in this matter amounted to layered ineffective assistance of counsel?

Jones' Brief at 4 (excess capitalization omitted).

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless

_____

[1] Perhaps due to an oversight, the PCRA court did not grant PCRA counsel's motion to withdraw at this time; rather, the PCRA court entered an order granting counsel's motion on June 7, 2024.

there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 749-50 (Pa. 2014) (citation and quotation marks omitted).

As phrased, Jones' first issue in which he challenges the trooper's statements in the affidavit of probable cause is not properly before us. As the trial court informed Jones at his plea hearing, his appellate issues are limited once he enters a guilty plea. N.T. 12/13/22, at 8 (explaining that appellate issues are limited to claims stated in the written plea colloquy: issues regarding the jurisdiction of the court, the validity of the plea, and the legality of the sentence imposed); ***Commonwealth v. Prieto***, 206 A.3d 529, 533-34 (Pa. Super. 2019).

Here, the PCRA court addressed this issue in the context of plea counsel's alleged ineffectiveness in advising him to forgo the suppression motion and enter a guilty plea. We will do the same when we discuss Jones' remaining issues.

In his second issue, Jones claims that plea counsel was ineffective for failing to investigate, to question, or attempt to recover Trooper Ferris' dash cam video. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness requires rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Regarding claims of ineffectiveness in relation to the entry of a plea, we note:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea would serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an

involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Id.*

Jones claims his counsel should have obtained the dash cam video that would have contradicted statements that Trooper Ferris made to establish probable cause to initiate a traffic stop. The decision whether to litigate a suppression motion is left to counsel in the exercise of his or her professional

judgment. **Commonwealth v. Johnson**, 179 A.3d 1153, 1160 (Pa. Super. 2018). When a defendant contends that counsel was ineffective for not filing a suppression motion, "the inquiry is whether the failure to file the motion is itself objectively unreasonable, which requires a showing that the motion would have been meritorious." **Id.**

Here, plea counsel did file a suppression motion on Jones' behalf in which Jones claimed Trooper Ferris lacked probable cause to initiate the traffic stop that led to his arrest and conviction. This motion was abandoned, however, when Jones chose to plead guilty. Jones now argues that plea counsel should have obtained the trooper's dash cam video because it would have contradicted statements the trooper made in the affidavit of probable cause.

The PCRA court found this issue waived, because the court could not discern Jones' argument:

> [R]egarding the alleged failure to present evidence of the body camera footage and Trooper Ferris's "false statements", [Jones] fails to present a specific argument to permit [the PCRA court] to address it in a meaningful way. [Jones] fails to explain at all what the "false statements" were, what was contained within the body camera footage that would refute said "false statements", and when [plea counsel] was expected to present such evidence in light of [Jones'] knowing and voluntary decision to enter a guilty plea. As such, [the PCRA court] finds that [Jones'] vague and unspecified allegation of error contained in [Jones' Rule 1925(b) statement] amounts to waiver.

PCRA Court Opinion, 8/8/24, at 9.

- 7 -

Although we find Jones preserved this issue, he is not entitled to relief. As indicated above, the PCRA court interpreted Jones' claim as involving the trooper's body cam footage. In his Rule 1925(b) statement, Jones only stated "troopers' camera footage," without specifying if it was a body cam or a dash cam. In his brief, Jones now claims that the dash cam video from the trooper's vehicle would have contradicted the trooper's statements in the affidavit of probable cause because the trooper was traveling in the opposite direction and "was never behind [Jones]." *See* Jones' Brief at 9.[2]

First, Jones has not established that a dash cam video even exists. Claims of trial counsel's ineffectiveness are not self-proving and therefore cannot be raised in a vacuum. *See generally*, *Commonwealth v. Pettus*, 424 A.2d 1332 (Pa. 1981). Jones' bare allegations are not sufficient to establish that his ineffectiveness claim is of arguable merit. *See Commonwealth v. Clark*, 961 A.2d 80, 94 (Pa. 2008) (explaining that, in the absence of a sufficient proffer, a petitioner's bare assertions would inappropriately convert an evidentiary hearing into a "fishing expedition" for possible exculpatory evidence). Without knowing whether video evidence even exists, Jones cannot establish that his suppression motion would have

---

[2] Although not relevant to the entry of Jones' plea, our review of the record supports the Commonwealth's claim that, at sentencing, Jones admitted that the police got behind him and he panicked. *See* N.T., 5/1/23, at 11.

been meritorious. **Johnson**, 179 A.3d at 1160. Thus, Jones cannot establish that his underlying claim has arguable merit. **Johnson**, 966 A.2d at 533.[3]

Additionally, Jones voluntarily entered the plea before any video was obtained and before the court ruled on his suppression motion. In the written plea colloquy that he signed, Jones acknowledged that he was satisfied with his attorney's representation. Guilty Plea, 12/13/22, at 6. He cannot now complain of plea counsel's advice, especially when most of the charges he faced were withdrawn. **Pollard**, **supra**. Under these facts, Jones' claim that plea counsel was ineffective fails.

In his remaining two issues, Jones' raises a claim of layered ineffectiveness. When making such a claim, a PCRA petitioner "must properly argue each prong of the three-prong ineffectiveness test for each separate attorney." **Commonwealth v. Rykard**, 55 A.3d 1177, 1190 (Pa. Super. 2012). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel." **Commonwealth v. Burkett**, 5 A.3d 1260, 1270 (Pa. Super. 2010). "If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." **Id.**

---

[3] Moreover, even if camera footage would show that the trooper was initially on the opposite side of the road, this does not mean he did not view Jones' erratic driving.

Initially, we note that Jones may properly raise a claim of PCRA counsel's ineffectiveness in this appeal, because it is his first opportunity to do so. ***See generally***, ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021).[4] Nonetheless, because we have already rejected Jones' claim of plea counsel's ineffectiveness, his layered claim of ineffective assistance likewise fails. ***Burkett***, ***supra***.

Order affirmed.

Judgment Entered.

*[signature]*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/17/2025

_____

[4] Citing a footnote in ***Bradley***, the Commonwealth contends that, because PCRA counsel filed a ***Turner***/***Finley*** letter, Jones was still required to challenge PCRA counsel's effectiveness in a Rule 907 response or risk waiver. ***See*** Commonwealth's Brief at 17-18. In this footnote, our Supreme Court stated that it would not address *amicus'* claim that, in a ***Turner***/***Finley*** situation, the PCRA court should have discretion to appoint new counsel. The high court stated: "As this appeal does not involve the distinct ***Turner***/***Finley*** scenario, we save resolution of this question, including the continued viability of the ***Pitts*** Rule 907 approach in this unique context, for another day." ***Bradley***, 261 A.3d at 401 n.16. We note that this Court has applied ***Bradley*** when addressing claims of PCRA counsel's ineffectiveness raised for the first time on appeal even in situations where counsel filed a ***Turner***/***Finley*** letter. ***See***, ***e.g.***, ***Commonwealth v. Gibson***, 318 A.3d 927 (Pa. Super. 2024).